# 𝕴𝖍𝖊𝖊𝖑𝖎𝖓𝖌.

## THE COAL RIVER NAVIGATION COMPANY *et al.* *vs.* WILLIAM H. WEBB.

### January Term, 1869.

1. Where there is no replication to an answer it must be taken as true, if no testimony is taken by the defendant, so far at least as it is not contradicted by other matters in the cause introduced or relied on by the defendant.

2. W. obtained a judgment against the C. R. N. Co. His judgment was never placed on the lien docket. More than two years afterwards the company gave a trust to secure its creditors, including the debt·due to W., which was therein described as the balance due on a judgment to W., "rendered in the United States District Court, held at Charleston, Kanawha county, in the spring of 1856. The balance being now about two thousand dollars." W. filed a bill to enforce his judgment, and the defendants alleged a want of notice by reason of its not being docketed, and also that they had no actual notice of it. HELD:

> That the trustees and trust creditors claiming the benefit of the trust, are estopped by the recital of the deed from averring a want of notice of the judgment, at the time of the execution of the deed.

3. There being nothing in the record to show that W. had any notice or knowledge of a judgment on a suggestion issued on an execution against him, whereby a part of the proceeds of the sale of the works of the company, by the trustee, were applied to the payment of the judgment on the suggestion, it is held that he cannot be presumed to have accepted the provisions of the trust in consequence of this judgment on the suggestion; especially as his suit had been pending for many years, to enforce his lien.

4. A mere recital in a decree that an order of publication was returned "duly executed by publication in a newspaper," &c., would not be sufficient in itself to establish it, if nothing else appeared in the papers of the cause to show how it had been executed.

5. An order of publication, which by its date appeared to be, and was in fact, issued on a day which was not a rule day, and was not issued in term, is clearly without authority and is a nullity.

6. Where there are no averments in the bill or answer, and no proofs to show that the rents and profits of real estate would not be sufficient to pay off the judgment sought to be enforced, in five years, it is error to proceed to

sell the real estate without first ascertaining whether the rents and profits would pay off and satisfy the judgment in that time.

The summons in this cause was issued August 11th, 1860. On the same day (which it appears was not a rule day) an order of publication was awarded against absent defendants. The order was duly published in the *Kanawha Valley Star*, published in Charleston, as appeared by the affidavit of the publisher, and was posted on the front door of the court-house of Kanawha county, on the 20th day of the same month.

The bill which was filed at September rules, 1860, alleged that the complainant, William H. Webb, had obtained a judgment in the United States District Court, at Charleston, in April, 1856, against the Coal River Navigation Company for 6,313 dollars and 66 cents with interest from June 26th, 1855. That on the 25th of October following, the defendants paid 800 dollars on the judgment, and had paid the further sum of 4,000 dollars on the 29th of November following, and that the residue was unpaid. That the company had executed a trust dated July 30th, 1858, to secure sundry creditors, including the balance of the debt due to the complainant on his judgment. He asked that the company and the trustees and creditors in the trust be made parties defendant, and that the works of the former be sold to satisfy the complainant's judgment. A copy of the deed of trust was filed in which the debt due the complainant was included as follows: "To William H. Webb, of Kanawha, the balance due on a judgment rendered in the United States Court, held at Charleston, Kanawha county, in the spring of 1856. The said balance being now about two thousand dollars."

The company answered, admitting the judgment, and the trust, as alleged in the bill; that in December, 1857, by reason of great floods, their locks and dams were rendered practically valueless; that one Henry S. Kupp agreed to and did furnish funds sufficient to repair the works of the company, and therefore the trust was given to secure him and other creditors of the company; that the cost of the

works was at the time of their destruction about 225,-000 dollars. The answer of the company neither admitted nor denied that the trust creditors had notice of the judgment, (the bill not having alleged that it was docketed or that the creditors in the trust had notice of it) at the time of the execution of the trust, but denied that the complainant had any lien on account of his judgment, because the judgment was never entered on the judgment lien docket, as required by law.

Kupp, who was one of the principal trust creditors, answered, expressly denying any notice of the judgment before or at the time the trust was executed. He claimed priority over all other creditors by reason of having furnished funds to the company for repairs without which the works would have been of little value.

In April, 1867, the Navigation Company of Coal River, the successor of the Coal River Navigation Company, having purchased the works of the latter at the trust sale in 1865, filed a supplemental answer, alleging that although the complainant had refused to receive any per centage arising from the proceeds of the trust sale, yet he permitted a judgment against him in favor of Scott, administrator, &c., to be paid out of the same on the suggestion issued by Scott against the trustee in whose hands the fund arising from the sale then was. It did not appear, however, by the exhibit filed with this answer, which was a copy of the judgment on the suggestion, nor otherwise in the record, that the complainant ever had notice of it or was cognizant of such suggestion.

The circuit court of Kanawha decreed, on the 19th of December, 1867, that the complainant was entitled to enforce his lien, and that unless the defendant pay the amount thereof, subject to the credits, that the works of the latter be sold, &c.

From this decree the defendants appealed.

*G. H. Lee* for the appellants.
*Stanton & Allison* for the appellee.

BERKSHIRE, J. The most material question presented in this case, is, whether the lien of the appellee's judgment against the Coal River Navigation Company, under the facts appearing in the record, is superior to and has priority over the lien created by the deed of trust executed by said company, after the date of said judgment to secure its creditors, the appellee being one of them and included in the trust. ·

It is claimed on behalf of said company and its creditors that, as the appellee's judgment was never entered on the judgment docket as required by law, he can have no lien as against the creditors of the company secured in said deed of trust, who, it is insisted, are purchasers for value without notice of the judgment.

The bill does not allege that said judgment was ever docketed, or that the creditors secured in the deed of trust had notice of the same.

The answer of the company neither denies nor admits that the trust creditors had had notice of the appellee's judgment at the time of the execution of the trust, but it does deny that the appellee has any lien on account of his judgment and avers that he has no such lien, because the judgment was never entered on the judgment lien docket as required by law.

In the answer of Henry S. Kupp, however, one of the principal creditors of the company secured in the trust, it is expressly denied that he had any notice or knowledge whatever, before or at the time the deed of trust was executed, of the appellee's judgment. And he claims priority over said judgment on this account and also on account of extensive and valuable repairs claimed to have been done by him, for and on the works of said company, for which his debt was created, and without which repairs it is claimed the works would have been of little or no value. There is no replication to either of their answers and they must, therefore, be taken as true (the defendants having taken no testimony in the cause) so far, at least, as they may not be contradicted by other matters in the cause introduced or relied on by the appellants.

It is insisted here, by the appellee, that the trustees and

the creditors secured in trust had at least constructive notice of his judgment from what appears on the face of the deed of trust under which the creditors claim.

Among the debts described and secured in the trust is one "to William H. Webb, of Kanawha county, the balance due on a judgment rendered in the United States District Court, held at Charleston, Kanawha county, in the spring of 1866. The said balance being now about two thousand dollars."

This description, it will be seen, is quite full and accurate, and indicates with much accuracy, a knowledge of the credits on said judgment and the amount due on it at the date of the trust.

It seems to me, threfore, that the trustees and creditors claiming the benefit of the trust are clearly estopped and precluded by this plain and unambiguous recital in the deed from averring a want of notice of the appellee's judgment at the time of its execution. *Den* vs. *Carroll,* 3 Johns. Cas., 174; *Carver* vs. *Jackson,* 4 Peters, 1; *Wiley and others* vs. *Given and others,* 6 Grat., 277; *Hannon* vs. *Hannah,* 9 Grat., 146; *William Oliver and others* vs. *Piatt,* 3 Howard, 333.

But it is also insisted by the appellants that the appellee should be held to have accepted the provisions of the deed of trust and to claim under it by reason of his acquiesence in the payment out of the proceeds of the sale under the trust pending this suit, of the judgment against him in favor of Andrew Scott, administrator of John McGregor, amounting to 108 dollars and 04 cents, including debt, interest and costs.

This judgment, it appears, was paid by James L. Carr, one of the trustees, out of the proceeds of the sale of the property under said deed of trust, after a judgment had been rendered against him upon a suggestion of said McGregor's administrator and execution issued thereon.

There is nothing in the record tending to show that the appellee did acquiesce in, or have any notice or knowledge of the proceedings in the suggestion case or payment of the money, other than may be implied from the fact that the

proceedings were of record in the same court in which this suit was pending.

From all that appears in the record, I do not think we can infer such notice and acquiescence in .this proceeding and payment on the part of the appellee, as would require us to hold him, as having accepted the provisions of the trust and compel him to claim under it. ' On the contrary, his intention not to do so is quite apparent, for he not only utterly disclaims any such purpose in his bill, but it is conceded in his answer filed by "The Navigation Company of Coal River," being the new company that succeeded to the original company upon the sale under the trust, that the appellee refused to receive any share or per centage of the proceeds of the sale of the property under the trust, and this too, many years after he had instituted his suit and prior to the proceedings on the suggestion.

It is further claimed on behalf of the appellant Kupp, that his own debt, in equity, is to have preference to any other debt due from the company, inasmuch as it was created and accrued to him for the repairs made and done by him on its works, which repairs were indispensable to their restoration and profit. It is not perceived, however, upon what principle of law or equity this claim could be allowed to prevail over the lien of the appellee's judgment.existing against the real estate of the company before these repairs were made.

An objection is also urged by the appellants as to the proof of the proper execution of the order of publication, as well as to its regularity and validity. The decree complained of recites that the order of publication as to certain non resident defendants was returned "duly executed by publication in the *Kanawha Valley Star,* a newspaper in Kanawha county, Virginia, for four successive weeks, commencing on the 13th day of August, 1860."

If this were all the evidence in the record of the due execution of said order, it would be clearly insufficient, as it does not show a compliance with the statutory provision which then required that a copy of such order should also have been posted at the front door of the court-house

of the county of Kanawha, on the first day of the next county court after the order was entered.

But by an affidavit of the publisher of said paper found in the record it appears that the order was duly published in the paper, as recited in the decree, and also that a copy of the same was posted by the said appellant, at the front door of said court-house, on the first day of the next county court of said county after the order was entered. If there was no other objection to the order, therefore, there would, as I think, be no error in the decree, so far as it is founded on it, notwithstanding the recital therein, as to the due execution of the order, would be insufficient in itself to establish it.

But the order, it appears, issued on the 11th day of August, 1860, and was therefore neither issued in court nor at rules as required by the 11th section of chapter 170, of the Code of 1860, p. 708, and as the clerk had no authority under the law to issue it at that time, it follows that it was a nullity and ought to have been disregarded by the circuit court.

The remaining objection urged against the decree is that it was improper to decree a sale of the company's property to pay said judgment without any inquiry as to the rents and profits of the real estate. As there is no averment in the bill or answers touching this question, nor proof showing that the rents and profits would not be sufficient to pay the judgment in five years, I think it was clearly erroneous to proceed to sell the property without first ascertaining whether the rents and profits would be sufficient to pay said judgment within the time required.

I am of opinion to reverse the decree and remand the cause for further proceedings.

The other judges concurred.

DECREE REVERSED.