# 𝖂𝖍𝖊𝖊𝖑𝖎𝖓𝖌.

### RICHARDSON *v.* DONEHOO, *et al.*

#### Decided May 1, 1880.

1. Exceptions are allegations in writing stating the particular points or matters, with respect to which the complainant considers the answer insufficient as a response to the bill, or scandalous, or impertinent. The object of exceptions is to direct the attention of the court to the points excepted to, and to take its opinion thereon, before further proceedings are had, to the end that, if the answer is insufficient, a better answer may be compelled, or if scandalous or impertinent, that the scandalous or impertinent matter may be expunged.

2. Exceptions for insufficiency of an answer, according to the general rules of equity practice can only be sustained when some material allegation, charge or interrogatory in the bill is not fully answered. Exceptions founded on verbal criticism, slight defects or the omission of immaterial matter will be disallowed and treated as vexatious.

3. Strictly speaking the court should pass upon the exceptions filed to the answer before proceeding to finally hear the case. But if the exceptions are insufficient on their face, or the allegation, charge or interrogatory alleged not to be sufficiently answered is not material, or when it appears the allegation is sufficiently answered, and the court ought to have disallowed or annulled the exceptions for either of said causes, and this Court sees that the plaintiff is not prejudiced by the court below proceeding to finally hear the case, the final decree will not be reversed merely because the court below did not expressly pass upon such exceptions.

4. The thirty-sixth section of chapter one hundred and twenty-five of the Code of 1868 of this State works a material change as to the necessity and propriety of exceptions to an answer, when the allegation, if material, is not controverted by the answer; for if not controverted, it will *per force* of said section be taken as true for the purposes of the suit, and no proof thereof can be required.

5. But where a defendant in his answer does controvert the material allegations of the bill in such a general way as not to constitute good pleading, if excepted to, then the plaintiff may except to the answer in a proper way and manner for not more specifically controverting such material allegations of the bill. This is perhaps true generally, but it is clearly so when the plaintiff has the right under the twelfth section of chapter one hundred and twenty-five of the Code of 1868 of this State to require an answer from the defendant under oath as to the material allegations of the bill.

6. No decree will be reversed for want of a replication to the answer when the defendant has taken depositions, as if there had been a replication. Nor will a decree be reversed at the instance of a party, who has taken depositions, for any informality in the proceedings, when it appears that there was a full and fair hearing upon the merits, and that substantial justice has been done. Fourth section of chapter one hundred and thirty-four, Code of West Virginia of 1868.

7. A case in which exceptions to an answer, which are not well taken and should have been overruled, but which were not expressly passed upon by the court, before the court finally heard the case, and the Appellate Court held under the circumstances appearing in the cause, that the court below did not err to the prejudice of the plaintiff in so hearing the cause without first having expressly passed upon the said exceptions. (See opinion of the court.)

8. It is the duty of the exceptor to the reading of part of a deposition to point out in his exceptions the exceptionable passages contained in the deposition or depositions. He should lay his finger upon the passages, which in his opinion come within the scope of his objections, so that the mind of the court may be brought to bear upon them. 8 Leigh 697. If exceptions in such case are not sufficiently taken in the court below, they will be disregarded by the Appellate Court.

9. But if the exceptions are properly taken to the reading of a part or parts of a deposition, and overruled by the court below improperly, the Appellate Court will not reverse the decree of the court below on that account merely, if excluding the objectionable evidence there still remains sufficient evidence to sustain the decree.

10. The executor or administrator is the proper representative of the personal estate, and generally all suits should be brought by and against him in relation thereto. In some special cases this rule seems to have been relaxed.

11. An administrator may settle or compound a debt; but, if he compounds or releases debts or actions for less than he ought, he will be liable as for a *devastavit*.

12. Where an executor or administrator settles a debt and lien therefor due the estate, and receives payment of the amount ascertained to be due on such settlement in full satisfaction of the debt, in the absence of fraud or mistake such settlement and payment is a full satisfaction of the debt as to the party settling and so paying the debt and lien; and payment thereof as aforesaid is generally binding and valid, not only as to the administrator, but also as to the heirs of the administrator's decedent.

13. The court below in its final decree in the cause, says: "But it appearing to the court by an agreement made a matter of record and entered on the 1st of March, 1875, in the chancery cause lately pending in this court, wherein John H. Judkins, administrator, was plaintiff, and Josiah Burke *et al.*, were defendants, that the said cloud upon the said title has been since removed," &c. This makes the order or decree of the court, entered in the last named case, and said agreement exhibits in the cause. *Craig* v. *Sabrell*, 9 Gratt. 131.

14. An Appellate Court will not reverse the judgment or decree of an inferior court, unless error affirmatively appear on the face of the record; and such error will not be presumed, all the presumptions being in favor of the judgment or decree.

15. While an appeal does not lie to this court from a decree for error of judgment in the court below for costs, still when the cause is properly before this court upon subjects other than costs, although the court sees no other error in the decree of the court below than its decree for the costs, the Appellate Court may correct the decree of the court below as to the matter of costs, and affirm the decree as thus corrected. *Jones* v. *Cunningham*, 7 W. V. 707.

16. A case in which it was held proper to enjoin the execution of a deed of trust by the sale of the trust-subject for the payment of the purchase-money of the property upon the allegation of existing judgment-liens upon the property obtained before the conveyance of general warranty to the plaintiff by the *cestui que trust*, and in which it was held proper for the court upon the payment and extinguishment of such lien-debt to dissolve the injunction and dismiss the plaintiff's bill and allow the plaintiff his costs. (See opinion of the court.)

Appeal from and *supersedeas* to a decree of the circuit court of the county of Hancock, rendered on the 6th day of March, 1877, in a suit in chancery in said court then pending, wherein John Richardson was plaintiff, and Daniel Donehoo, A. R. McCown, J. R. Donehoo and John Jenkins were defendants, allowed upon the petition of said Richardson.

1880
Special Term.

Richardson
v
Donehoo *et al.*

Hon. Thayer Melvin, judge of the first judicial circuit, rendered the decree appealed from.

HAYMOND, JUDGE, furnishes the following statement of the case :

The plaintiff, at February rules, 1875, filed his bill of injunction in the circuit court of the county of Hancock against Daniel Donehoo, A. R. McCown, J. R. Donehoo and John Jenkins, administrator of the estate of Margaret McCloud, deceased. The plaintiff in his bill alleges and prays as follows, viz : "That about the 9th day of October. A. D. 1876, in the county of Hancock there was conveyed to him by A. R. McCown and wife a tract of land situate in the said county, adjoining the lands of the heirs of Sinclair Hobbs, deceased, and others, containing about one hundred and fifty-eight acres ; and the said conveyance was by a deed containing a covenant of general warranty, which deed was duly executed, acknowledged and admitted to record. Previous to the said conveyance the said McCown and your orator had entered into an agreement for the sale and purchase of said land, and the said conveyance was made in execution of the said agreement. Your orator agreed to pay for the said land the sum of $4,250.00, and at the time when the said conveyance was made to him as aforesaid, your orator paid to the said McCown the sum of $1,000.00, in cash, and gave him two notes, one for the sum of $1,500.00, with interest from the 1st day of April, A. D. 1866, at which time your orator was put into possession of the said land, and which note was payable on the 9th day of October A. D. 1866, and was paid at maturity ; the other for the sum of $1,750.00, payable on the 1st day of April, A. D. 1867, with interest from the 1st day of April, A. D. 1866, which note has not been paid for reasons hereinafter set forth. To secure these two notes, your orator and his wife executed to Daniel Donehoo, as trustee for the benefit of the said McCown, a deed of trust conveying the said land so conveyed to your orator,

as aforesaid. Under this deed of trust the said Daniel Donehoo is proceeding to sell the said land, and is now advertising the same for sale, as will appear from the advertisement herewith filed, which is cut from a newspaper published in the said county called the *Hancock County Courier*, and which it is prayed may be taken and read as a part of this bill. Your Honor will see by this advertisement that the sale is set for the 8th day of February, A. D. 1875. The said Daniel Donehoo has employed for the purposes of the said sale J. R. Donehoo, who is acting as attorney of the said Daniel. Your orator believes that unless they are restrained by the injunction of your honorable court, the said Daniel Donehoo and the said J. R. Donehoo will proceed to sell the said land according to the terms of the said advertisement.

" Your orator further shows that in the year 1862, one Margaret McCloud obtained a decree in this honorable court against one Jesse Burk, who was at that time the owner of the said land, charging the said land conveyed to your orator as aforesaid with payment of about $190.00 at that time, and the further sum of $60.00 per annum to be paid to her, the said Margaret McCloud, during her life; and your orator is informed and believes and so charges that none of the said sums, and none of the interest which has since accrued thereon, have been paid to the said Margaret McCloud during her life, or to her administrator since her death. The said Margaret McCloud died in the year 1872, and John Jenkins has since that time been appointed and has qualified as her administrator. Your orator says that at the time of the said sale to him of the said land he had no knowledge of the said decree of the said Margaret McCloud, which your orator believes and charges to be a valid and subsisting lien upon the said land; but, on the contrary, that your orator did not learn of the said decree or of any of the facts attending the same until after he had paid to the said McCown the first of the said sums hereinbefore

mentioned. The said Daniel Donehoo acted as agent of the said McCown in making the said sale to your orator, and before and since the said sale throughout this whole transaction, and your orator believes that both the said McCown and the said Daniel Donehoo, at and before the time of the said sale to your orator, knew of the said decree of the said Margaret McCloud, and the said Daniel Donehoo designedly withheld the knowledge of the same from your orator, and represented to him that the title to the said land was without flaw, and so your orator charges.

"Your orator further says that when the last of the said notes became due, to wit, about April, A. D. 1867, your orator was ready and willing to pay the same on condition that the said cloud upon his title by reason of the said decree should be removed; your orator then and now believing that the said McCown was and is bound by his covenant of warranty to remove the same, and informed the said McCown through his said agent, Daniel Donehoo, that he was so ready and willing, and your orator has ever since been ready and willing and has repeatedly offered to pay the said note upon the same condition. Instead, however, of either removing the said cloud, or of proceeding at once to enforce the payment of the said note by the execution of the said deed of trust the said McCown and the said Donehoo have waited until the present time, and are now proceeding as your orator has hereinbefore set forth.

"Your orator further says, that because of his continued readiness to pay the said note, and the good reason which he had for not doing so, he ought not to be charged with interest on the sum of money secured thereby.

"Your orator further says, that both the said A. R. McCown and the said Daniel Donehoo are non-residents of the State of West Virginia. In tender consideration whereof, and forasmuch as your orator is remediless, save by the aid of a court of equity, where matters of this

kind are alone and properly cognizable, may it please your Honor that the said Daniel Donehoo, A. R. Mc-Cown, J. R. Donehoo and John Jenkins, administrator of the estate of Margaret McCloud, deceased, may be made parties defendant to this suit, and that proper process may issue against them, requiring them and each of them to make full, true, direct and perfect answer upon their several oaths to the various allegations of this bill; that the writ of injunction of this honorable court may issue against the said Daniel Donehoo, A. R. McCown and J. R. Donehoo, their servants and agents, forbidding them to sell the said land so conveyed as aforesaid to the said John Richardson by the said A. R. McCown, and by the said Richardson and wife to the said Daniel Donehoo in trust, and from proceeding any further in the said sale until the further order of this court; that the said lien of the said John Jenkins, as administrator as aforesaid, be ascertained and be ordered to be paid out of the money due by your orator on the said last mentioned note, which money your orator now holds subject to the order of this honorable court; that your orator may be decreed released from paying interest on the said sum of money secured by the said last mentioned note; that your orator be also ordered and allowed to pay the costs of this suit out of the sum so due on the said last mentioned note, and to pay the balance to the said McCown; and that your orator may have such other and general relief as to equity may seem meet, and the nature of his case may demand, &c."

With his bill the plaintiff filed an order of injunction granted by the judge of said circuit court in vacation, to take effect on the plaintiff entering into bond with security with the clerk in the penalty of $200.00. This order was made by the judge on the 28th day of January, 1875, and the injunction-bond appears to have been given on the 30th day of January of the same year. On the 1st day of March, 1875, there was a demurrer filed to said bill. Afterwards the court made and entered a decree in the cause as follows, viz:

"At a court held for the said county of Hancock, at the court-house, on the 2d day of March, 1875, this cause came on to be heard, this 2d day of March, 1875, upon the bill and exhibits, and upon the motions of the defendants, Daniel Donehoo and J. R. Donehoo, to dismiss said cause as to them, and upon the demurrer, the grounds of which are filed in this cause, and upon the exceptions to the depositions of Daniel Donehoo and Andrew R. McCown, filed as above mentioned, which exceptions were endorsed on said depositions, and said motions, demurrer and exceptions were argued by counsel. On consideration thereof, the court doth overrule the said motions, demurrer and exceptions.

"And on motion of said defendants and by leave of the court Daniel Donehoo, J. R. Donehoo, A. R. McCown and John Jenkins file their answers in open court. By like leave of the court the defendants, on motion, file among the papers of the cause the affidavit of G. W. Caldwell and Daniel Donehoo, and plaintiff files exceptions to the answers of A. R. McCown and Daniel Donehoo; and without further considering the said cause, the same by consent of parties is continued."

The answer of A. R. McCown is as follows, viz:

"This defendant answering says, that the statements in the said bill in regard to the sale of the land to the said John Richardson, the execution of the agreement, the making of the two notes and the execution of the deed of trust, the payment of the $1,000.00, the payment of the first note secured by the said deed of trust and the failure in the payment of the second note this respondent believes to be true, and as stated in the said bill. It is also further true that this respondent is the owner and holder of the said note for the said sum of $1,750.00, and the same was due and payable in the month of October, 1867, and upon his order and direction the said trustee has advertised the said sale as set forth in the said bill of complaint, and it is for the payment of the said overdue and unpaid note.

1880
Special Term.

Richardson
v.
Donehoo et al.

" Defendant further says that the statement in regard to the decree obtained by one *Margaret McCloud* v. *Jesse Burke*, and the same being a lien upon the said land *at the time it was obtained*, is also correct and true, but this defendant denies that the same is now a lien upon the said land, but alleges the fact to be that the said decree and lien has been long since paid off and discharged, and before the said sale was advertised as aforesaid, and after due demand was made upon said complainant for the payment of the said note, and after he was notified of the release of said lien and the settlement of the above named cause, and before said advertisement, the said complainant was often requested to pay the said note, but he always refused so to do, and this respondent was compelled to advertise the said sale in order to obtain a payment of the said note.

"Respondent further admits that at the time of the said sale he was aware of the said so-called lien upon the said land, and he is informed and believes that the said complainant also knew of the said so-called lien, and took the same subject to the same, but it was understood and agreed that this respondent would protect the title to said land, and would pay off and discharge the said so-called lien whenever the same could be ascertained and settled with safety ; and this respondent has always been abundantly able and perfectly willing to settle the same whenever the said case was in such condition that he could do so with safety to himself, and he did so settle it about the 13th day of November, 1874, not because he believed the claim just, but in order to get rid of a troublesome suit.

"Respondent further says that the said complainant has had full, free and undisturbed possession of the said land ever since the said purchase from this respondent, and he has neither paid interest upon the said overdue note, nor rent upon the said land, and now refuses to do either.

"Respondent further denies that he withheld any in-

formation in regard to said land from the said complain-
ant, or that he was deceived in any way in regard to the
same, but his information in respect to same was just as
full and complete as it is now.

"Respondent further denies that when the said last
mentioned note became due and payable, that the said
complainant offered to pay the same, or ever, to this re-
spondent's knowledge, offered to pay the same, or any
part thereof, but he has always refused to pay the same,
and does now refuse. And having fully answered, he
prays to be hence dismissed with his costs."

The answer of defendant, Daniel Donehoo, is as fol-
lows:

"This defendant, answering says, that the statements
in the said bill in regard to the execution of the deed of
trust to this respondent, as trustee, that the respondent,
as such trustee, is proceeding to sell the said land and is
now advertising the same for sale in a newspaper pub-
lished in said county of Hancock, called the *Hancock
Courier*, and that this respondent has employed for the
purpose of said sale J. R. Donehoo, who is acting as his
attorney, are true.

"This respondent further says, it is true he acted as
agent of the said defendant, A. R. McCown, in making
the sale of the tract of land by the said A. R. McCown
to the plaintiff in the year, 1865, as stated in plaintiff's
bill, and before and since the said sale throughout this
whole transaction, but it is not true that said complain-
ant informed A. R. McCown through this respondent
that he was ready and willing to pay the claim on con-
dition that the said cloud upon his title by reason of the
decree should be removed.

"Respondent further says, it is true that at and before
the time of the said sale to the plaintiff he, the said re-
spondent, knew of the said decree of the said Margaret
McCloud, but it is not true, that he withheld designedly
or otherwise the knowledge of the same from the plain-
tiff.

1880
Special Term.

Richardson
v.
Donehoo *et al.*

"Defendant further says, that he did not represent to the plaintiff that the title to the said land was without flaw, but says it is true, that he did represent to the plaintiff all the facts within his knowledge touching the title to said lands charged in plaintiff's bill as affecting the title to said land, including the decree of the said Margaret McCloud. And, having fully answered, respondent prays to be hence dismissed with his reasonable costs," &c.

The answer of John R. Donehoo is as follows, viz:

"For answer to the said bill, this defendant saith that as to the allegations and matters in said bill contained touching the conveyance of the tract of land therein mentioned by the defendants, A. R. McCown and his wife, to the complainant, the agreement between said parties preceding and concerning the same, the purchase-money paid and payable on said agreement and conveyance, the notes given by the complainant to said McCown, and the deed of trust given to secure said notes, this respondent is without full information, but so far as such information extends he believes them to be true. The advertisement shown in complainant's bill for the sale of said land by virtue of said deed of trust was inserted in the *Hancock Courier* newspaper by this respondent, under instructions to that end from the said Daniel Donehoo, trustee, for whom he acted in the premises as attorney, as by virtue of the powers and authority in said deed of trust contained he might so lawfully act

"For further answer to the said bill, this respondent saith that touching the alleged decree obtained by the said Margaret McCloud in 1862, his only information is and was that the said land was in some manner encumbered to the use and benefit of the said Margaret McCloud. But this respondent was further informed and made to believe and still believes that prior to his advertising the said land to be sold as above set forth, the said, and all other encumbrances, against or upon said land had been released and discharged after the decease of the

said Magaret McCloud. And thus having fully answered, and disclaiming all other or further information or connection with matters and things in the said bill contained and referred to, this defendant prays to be hence discharged with costs, &c."

And the answer of Jenkins, administrator of Margaret McCloud, deceased, is as follows, viz:

"This defendant, reserving to himself all right of exception to the said bill, for answer thereto saith, that in the month of October last, 1874, a contract and agreement in writing for the settlement and adjustment of the claim of the estate, in the bill mentioned, under the said referred to decree made in favor of the said decedent in 1862, was made and concluded between this respondent, as administrator as aforesaid, Geo. W. Caldwell, Esq. as attorney for the children, heirs and distributees of the said Margaret McCloud, deceased, and Daniel Donehoo, as attorney and agent for the said A. R. McCown; that under and by the terms of said contract and agreement, this respondent, as administrator of said estate, in consideration of the sum of $300.00 paid him by said A. R. McCown or his agent (which sum in full has been received by this respondent), released all claim of said estate upon or against the said McCown or the said real estate mentioned. This respondent would, however, add that he is informed and believes that some of the parties entitled to distribution out of the estate of the said Margaret McCloud are dissatisfied with and disapprove of the said settlement and adjustment made by him. And having thus fully answered all the matters and allegations in the said bill so far as he is advised and believes it is material for him to answer, he prays to be hence discharged with his reasonable costs."

All their answers are verified by the affidavits of the respondents. The bill is also verified by affidavit of plaintiff.

The exceptions filed by the plaintiff to the answer of A. R. McCown appear to be as follows, viz:

" IN THE CIRCUIT COURT OF HANCOCK COUNTY, ss :

*John Richardson* v. *Daniel Donehoo et al.*—In chancery The complainant excepts to the answer of A. R. McCown filed in this cause, for the following reason : 1st. the said answer fails to say anything in response to the allegation in the bill, that respondent was offered by complainant that the note in controversy would be paid, if the lien upon the land should be made all right. 2d. The bill setting up a lien of record, the answer does not show a proper release thereof. It should show a release of record. 3d. The answer does not show the time, place, circumstances or manner of the notice therein alleged to have been given by complainant of the release of the said lien." These exceptions are signed by counsel for complainant.

The exceptions of plaintiff to the answer of Daniel Donehoo are as follows, viz :

" IN THE CIRCUIT COURT OF HANCOCK COUNTY, ss :

"*John Richardson* v. *Daniel Donehoo et al.*—In chancery. The complainant excepts to the answer of Daniel Donehoo filed in this cause, because, he says, that part of the allegation with reference to the complainant's offer to pay the note in dispute, as soon as the cloud should be removed from his title, is evasive and uncertain ; and for other reasons." This exception is also signed by counsel for complainant.

The plaintiff took and filed the deposition of W. A. Jones and his own deposition. These depositions were taken on the 20th day of February, 1875. Defendants took and filed the depositions of defendant, Daniel Donehoo, and defendant, A. R. McCown, on the 24th day of February, 1875. Complainant by consent again took his deposition on the 25th day of August, 1875, which is also filed. The following are the exceptions filed by the plaintiff to the defendants' said depositions, viz :

" CIRCUIT COURT OF HANCOCK COUNTY, ss :

*John Richardson* v. *Daniel Donehoo et al.* The complainant excepts to the within depositions and to various

parts thereof, to wit: 1st. He had no sufficient notice of the taking of the same. (See affidavit). 2d. The depositions were taken upon an improper and insufficient adjournment. 3d. The parol testimony as to the manner in which Marshall made the sale mentioned is incompetent. 4th. The testimony of McCown as to the contents of the agreement with McCloud is incompetent. And for other causes."

These exceptions are signed by plaintiff's counsel and appear to have been endorsed upon defendants' said depositions.

There appears in the record what purports to be an affidavit, which is as follows, viz:

" JOHN RICHARDSON v. DANIEL DONEHOO et al. STATE OF WEST VIRGINIA, HANCOCK COUNTY, SS:

" John Richardson, the plaintiff in this suit, being duly sworn, says that the paper hereto annexed was given to him about the 9th of February, A. D. 1875, and that except from that he had no notice in any manner or by any means prior to the 28th day of February, A. D. 1875, of the time or place of the taking of the depositions named in the said paper, and that said paper has not to his knowledge been altered since he received it.

" JOHN RICHARDSON.

" Taken, sworn to and subscribed before me this 1st day of March, A. D. 1875.

" A. McC. FLANEGIN, Clerk."

This paper appears to be endorsed "(Filed March 1st, 1875)." The paper mentioned in said affidavit as "the paper hereto annexed," is as follows, viz:

"IN THE CIRCUIT COURT FOR HANCOCK COUNTY, WEST VIRGINIA:

"John Richardson v. Daniel Donehoo et al.—In chancery.

"Take notice, that the depositions of Andrew R. McCown, Carmel A. McCown, Daniel Donehoo, and others, will be taken at the office of S. W. Pennypacker, Esq., No. 209, South Sixth street, in the city of Philadelphia, on the 23d day of February, A. D. 1875, between the hours

of eight o'clock A. M. and six o'clock, P. M., to be read in evidence in the above named cause on behalf of said defendants, and if from any cause the taking of said depositions shall not be commenced, or being commenced shall not be completed on that day, the taking of the same will be adjourned from time to time until the same shall be completed.       THE DEFENDANTS,

"*To John Richardson.          By their Attorneys.*".

The following is a copy of the notice returned to the clerk's office by mail with the said depositions of defendants, viz:

"IN THE CIRCUIT COURT FOR HANCOCK COUNTY, WEST VIRGINIA :

"*John Richardson* v. *Daniel Donehoo et al.*--In chancery.

"Take notice, that the depositions of Andrew R. McCown, Carmel A. McCown, Daniel Donehoo and others, will be taken at the office of S. W. Pennypacker, No. 209 South Sixth street, in the city of Philadelphia, in the State of Pennsylvania, on the 23d day of February, A. D. 1875, between the hours of eight o'clock, A. M., and six o'clock, P. M., to be read in evidence in the above named cause on behalf of said defendants, and if from any cause the taking of said depositions shall not be commenced, or being commenced shall not be completed on that day, the taking of the same will be adjourned from time to time until the same shall be completed.

"THE DEFENDANTS,

"*To John Richardson.          By their Attorney.*"

This notice appears to have been endorsed as follows : "John Richardson *v.* Daniel Donehoo, *et al.*   Notice to take depositions, February 8, 1875."   The sheriff made the following return upon said notice, viz:   "Served the within notice by delivering to John Richardson a true copy."

The caption to defendants said depositions is as follows, viz :

"Depositions taken before me, Samuel W. Pennypacker, a notary public within and for district of———,

in the county of Philadelphia, in the State of Pennsylvania, pursuant to the annexed notice, at the time and place therein specified, to be read in evidence on behalf of the defendants in an action pending in the circuit court of Hancock county, in the State of West Virginia, in which John Richardson is plaintiff and Daniel Donehoo and others are defendants."

The following is the order adjourning the taking of said depositions :

FEBRUARY 23, A. D., 1875.

Present on behalf of defendants, Daniel Donehoo and Andrew R. McCown, in person at three P. M. Adjourned until February 24, A. D. 1875, at three P. M., because of the absence of the plaintiff.

SAMUEL W. PENNYPACKER,
*Notary Public.*

The said depositions appear to have been signed by the said witnesses respectively ; and the following is the certificate of the notary appended to the said depositions at the conclusion thereof, viz :

" THE STATE OF PENNSYLVANIA, PHILADELPHIA COUNTY, SS :

"I, Samuel W. Pennypacker, a notary public in and for the district of ———, in the county and State aforesaid, duly commissioned and qualified, do hereby certify that the above named Daniel Donehoo and A. R. McCown were by me first severally sworn to testify the truth, the whole truth, and nothing but the truth, and that the depositions by them respectively subscribed as above set forth were reduced to writing by me in the presence of the witnesses, respectively, and were subscribed by the said witnesses in my presence, and were taken at the time and place in the annexed notice specified, and continued from day to day as above set forth.

"In witness whereof, I have hereunto set my hand and seal of office this 24th day of February, A. D. 1875.

"SAMUEL W. PENNYPACKER,

[Notarial Seal.]                    *"Notary Public."*

The deed from McCown to plaintiff in the bill mentioned is a deed of general warranty and is dated the 9th day of October, 1865, and was admitted to record November 2, 1865.

The court made and entered the following final decree in the cause, viz:

"This cause came on this 6th day of March, 1877, to be heard upon the bill and exhibits, the answers, affidavits, depositions and papers formerly read, and was argued by counsel. On consideration thereof, the court doth adjudge, order and decree that the restraining order entered herein on the 28th of January, 1875, was properly entered; a cloud then existing upon the title of the property mentioned and described in the bill and exhibits, and as therein set forth, but it appearing to the court by an agreement made a matter of record and entered on the 1st day of March, 1875, in the chancery cause lately pending in this court wherein John H. Jenkins, administrator, was plaintiff, and Josiah Burke *et al.* were defendants, that the said cloud upon the said title has been since removed, it is by the court ordered that the said restraining order of the 28th of January, 1875, be and the same is hereby dissolved and this cause dismissed; and it is further adjudged, ordered and decreed, that the plaintiff recover against the defendants his costs by him about this suit in this behalf expended."

The evidence in this case is so volumnious, that I have not thought proper or necessary to state it at large, but will content myself with referring to such portions of it in general and special terms as is material or necessary; and so with exhibits.

From and to this decree the plaintiff upon his petition and assignment of errors therein has obtained from this court an appeal and *supersedeas.*

*Henry M. Russell,* for appellant, cited the following authorities:

2 Rob. (Old) Pr. 313; Code. ch. 134; 10 W. Va.

59 ; 9 Gratt. 131 ; 17 Gratt. 160 ; 2 W. Va. 410 ; 8 Gratt. 46 ; *Id.* 241 ; 11 W. Va. 386 ; Chitt. Cont. 714 note (i.)

*J. R. Donehoo,* for appellees, relied on the following authorities :

' 6 W. Va. 36 ; Code ch. 134 § 4 ; 10 W. Va. 59 ; 1 W. Va. 219 ; 3 W. Va. 1 ; 7 W. Va. 152 ; 10 W. Va. 115 ; *Id.* 35 ; 3 W. Va. 438 ; 2 W. Va. 410 ; 9 Gratt. 336 ; 10 Gratt. 138 ; Hilliard Real Prop. ch. 86 § 72 ; 3 Munf. 68 ; High Inj. § 283 ; 1 Va. Law Jour. 399 ; High Inj. 272 ; 10 Leigh 406 ; 21 Gratt. 241 ; *Id.* 313 ; 24 Gratt. 454 ; 22 Gratt. 1 ; *Id.* 629 ; 10 W. Va. 87 ; 1 U. S. Dig. 1st Series 294 ; 3 W. Va. 26 ; *Id.* 531 ; 10 ' W. Va. 250 ; 2 W. Va. 59 ; *Id.* 73 ; 4 Johns. 510 ; High Inj. § 891 note ; Adams Eq. 400 ; 5 W. Va. 402 ; 12 W. Va. 688.

HAYMOND, JUDGE, delivered the opinion of the Court:

The appellant has assigned in his petition for the appeal and *supersedeas* the following as errors, for which he claims that said decree should be reversed, viz :

" Your petitioner is advised and represents to your Honors that the said decree is erroneous, and that he is aggrieved thereby in the following particulars :

"First—In that the said decree was made before your petitioner's exceptions to the answers of A. R. McCown and Daniel Donehoo (which exceptions were well taken) were passed on.

" Second—In that your petitioner's exceptions to the depositions of A. R. McCown and Daniel Donehoo were overruled, and the said cause was heard upon such depositions.

" Third—In that the said cause was finally heard upon said depositions when there had been no replication or issue, and while there were exceptions to the answers of the only two parties really interested otherwise than formerly.

"Fourth—In that the said final decree recites and is based upon a decree in another suit, of which there was no evidence in this suit, and the sufficiency of which, as a release of the lien mentioned in the said decree, your petitioner had no oportunity of ascertaining or contesting.

"Fifth—In that the said circuit court, after having rightfully taken jurisdiction of the said cause, did not proceed to ascertain the amount due by your petitioner to the said McCown, and did not decree that your petitioner should not be compelled to pay interest thereon.

"Sixth—In that the said circuit court dissolved the injunction which had been granted to your petitioner, and dismissed his bill without in any way securing his title from the cloud resting upon it, the decree in the suit of *Jenkins* v. *Burke* being *inter alios* and of no benefit to complainant, and of no binding force as to him.

"Seventh—And your petitioner represents that the said decree is in other respects uncertain, informal and erroneous."

*As to the appellant's first assignment of error :*

Exceptions are allegations in writing, stating the particular points or matters, in respect to which complainant considers the answer insufficient as a response to the bill, or scandalous or impertinent.    The object of exceptions is to direct the attention of the court to the points excepted to, and to take its opinion thereon, before further proceedings are had, to the end that, if the answer is insufficient, a better answer may be compelled, or if scandalous or impertinent, that the scandalous or impertinent matter may be expunged.    1 Barb. Ch. Pr. (2d ed.) 176.    Exceptions for insufficiency of an answer can only be sustained where some material allegation, charge or interrogatory in the bill is not fully answered.    Exceptions founded on verbal criticism, slight defects and the omission of immaterial matter, will be disallowed and treated as vexatious.    Same book 176.    In 3 Barb. Chy. Prac. (2d rev. ed.) 422, a form of an exception to

1880
Special Term.

Richardson
v.
Donehoo *et al.*

an answer is given.    I give so much of it as is pertinent,
to wit :

    " Exceptions taken by the said complainant to the an-
swer put in by the defendant, C. D., to the said com-
plainant's bill of complaint.    *First exception*—For that
the said defendant, C. D., hath not, to the best and ut-
most of his knowledge, remembrance, information and .
belief, answered and set forth whether (*set forth the in-
terrogatory in the bill which is not answered, in hæc verba.*)
*Second exception*—For that the said defendant, C. D., hath
not, in manner aforesaid, answered and set forth whether,
etc., (as *supra.*)   In all which particulars the answer of
the said defendant, C. D., is, as the said complainant is
advised, imperfect, insufficient and evasive ; and the said
complainant therefore excepts thereto, and prays that
the said defendant, C. D., may put in a further and bet-
ter answer to the said bill of complaint.

        " J. E., *Solicitor and Counsel for Complainant.*"

    Strictly speaking the court should expressly pass upon
the exceptions filed to an answer before proceeding to
finally hear the case.    But it seems to me upon prin-
ciple as well as authority, that, if the exceptions are
insufficient on their face, or the allegation, charged,
or interrogatory, alleged not to be sufficiently an-
swered, is not material, or when it appears that it
is sufficiently answered, and the court ought to have
disallowed or overruled the exceptions for either of said
causes, it cannot be said that the plaintiff is prejudiced
thereby in this case for reasons hereinafter stated.    It
seems to me, that the exceptions are not as specific as
they should be under a strict interpretation of the rule
in such cases, as the exception does not pretend to state
*hæc verba* the allegation, charge or interrogatory alleged
*not to be* sufficiently answered, but waiving this it seems
to me that the plaintiff's said answer is sufficiently re-
sponsive to the allegation in the bill, to which that ex-
ception refers, as I suppose, for I find no other of that
description.    The allegation is :  "Your orator further

Syllabus 3

says, that when the last of the said notes became due, to wit, about April, A. D. 1867, your orator was ready and willing to pay the same, on condition that the said cloud upon his title by reason of the said decree should be removed; your orator then and now believing that the said McCown was and is bound by his covenant of warranty to remove the same, and informed the said McCown through his agent, Daniel Donehoo, that he was so ready and willing, and your orator has ever since been ready and willing, and has repeatedly offered to pay the said note upon the same condition." To this allegation the defendant A. R. McCown responds as follows, viz: "Respondent further denies, that when the said last mentioned note became due and payable, the said complainant offered to pay the same, or ever to this respondent's knowledge, offered to pay the same, or any part thereof, but he always refused to pay the same, and does now refuse." Although this response is not as specific as it might have been made and in that respect may be slightly defective, still it seems to me that the answer is sufficiently responsive to the material part of the allegation, in so far as any part thereof is in fact material, and especially so with reference to the language of the exception.

The plaintiff's second exception to said answer I think is not well taken. The matter of this exception is more a matter of evidence, if its assumption be true, than an objection to the sufficiency of the answer as to the matter to which the exception relates.

The third exception to said answer, I think, is not well taken. It seems to me that the answer is sufficient upon the subject to which this exception relates. I am not aware of any rule that requires the particularity in an answer as to the matter referred to, which this exception would seem to indicate. According to my views, as above expressed, said exceptions are not well taken and should have been disallowed. The plaintiff's exception to the answer of Daniel Donehoo is not strictly sufficient

upon its face, for the reason stated in relation to the plaintiff's exception to the answer of McCown, but waiving this objection I think the answer is substantially and sufficiently responsive to the allegations of the bill to which I understand said exception to refer.  The answer in this respect might have been broader and more specific, still I think it is sufficiently responsive and that the exception is not well taken and should have been disallowed.  Mr. Robinson in the second volume of his Old Practice at page two hundred and thirteen says: " There are some cases in the Virginia reports, which countenance the idea that an allegation in the bill, not denied by the answer, is to be considered as admitted. But these are cases, in which the allegation was that some fact did *not* exist, or that something was not done.  Thus in *Page's ex'r* v. *Winston's adm'r*, 2 Munf. 298, a bill of injunction charged the plaintiff at law with having failed to do an act, on which the equity of his claim depended; and in his answer he took no notice of this allegation. The court at the hearing regarded this failure to answer the charge as a tacit acknowledgment of its truth, and decreed accordingly.  See also *Edgar* v. *Donally*, &c., 2 Munf. 397; and Carr, Judge, in *Coleman* v. *Lyne's ex'r*, 4 Rand. 457.  " But, generally speaking, if the answer is deemed insufficient for omitting to notice any material allegation in the bill, the plaintiff should *except* to it, and call for a better answer.   If, instead of excepting for insufficiency, the plaintiff enters a general replication to the answer, he cannot insist at the hearing that these allegations of the bill, which are not expressly denied by the answer, are admitted to be true.   Were he permitted to do this, he might surprise the defendant.   By Chancellor Taylor in *Dangerfield* &c., v. *Claiborne* &c., 2 H. & M. 17; *Coleman* v. *Lyne's ex'r*, 4 Rand. 454."

But the provisions of the Code of this State of 1868 are materially different in some respects from the laws of Virginia at the time Mr. Robinson wrote, and under which the decisions, to which he refers, were made.  The

1880
Special Term.

Richardson

v
Donchoo et al.

Syllabus 4.

thirty-sixth section of chapter one hundred and twenty-five of the Code of this State provides, " that every allegation of the bill not controverted by an answer, and every material allegation of new matter in the answer, constituting a claim for affirmative relief, not controverted by a reply, shall, for the purposes of the suit, be taken as true, and no proof thereof shall be required." This makes a material change doubtless as to the necessity of exceptions to an answer, when the allegation, if material, is not controverted by the answer, for if not controverted it will be taken, generally, as true for the purposes of the suit. But when a defendant in his answer does controvert the material allegations of the bill in such a general way as not to constitute good pleading, if excepted to, then the plaintiff may except to the answer in a proper way and manner for not more specifically controverting material allegations of the bill. *Burlew* v. *Quarrier et al.* (*sura.*) This is perhaps true generally, but it is clearly so when the plaintiff has the right under the twelfth section of chapter one hundred and twenty-five of the Code of 1868 to require an answer from the defendant under oath as to the material allegations of the bill. The fifty-ninth section of chapter one hundred and twenty-five of the Code of 1868 provides that " when a defendant in equity shall in his answer deny any material allegation in the bill, the effect of such denial shall only be to put the plaintiff, on satisfactory proof of such allegation, and any evidence which satisfies the court or jury of the truth thereof shall be sufficient to establish the same." The fourth section of chapter one hundred and thirty-four of the Code of this State of 1868 provides, that " no decree shall be reversed for want of a replication to the answer, when the defendant has taken depositions as if there had been a replication ; nor shall a decree be reversed at the instance of a party who has taken depositions, for any informality in the proceedings, when it appears that there was a full and fair hearing upon the merits, and that substantial justice has been done."

Syllabus 5.

Syllabus 6.

This section of the Code was taken from the fourth section of the Code of Virginia of 1849, and, so far as I have been able to ascertain after search, it was enacted in Virginia for the first time on the 27th day of February, 1828. See acts of the Legislature of Virginia of 1827-8, page 20. The decision in the case of *Clarke* v. *Linsley, adm'r*, 4 Rand. 250, was made in May, 1826, prior to this act. In that case it is manifest, I think, that the answer was insufficient, and the case in this respect, as well perhaps as in others, materially different from the case at bar. The case was not cited by counsel.

If the court in the case at bar had done expressly, what regularly it ought to have done, then under the fourth section of said chapter one hundred and thirty-four of the Code of 1868, this case, in consequence of depositions having been taken by the defendants as if there had been a replication to the answer, would have stood, as to said answers, as though a general replication had been filed, or in other words, the court should not, and as is manifest I think, it did not, take the answers excepted to as true on the hearing. *The Ohio River Navigation Co., et al.* v. *Webb*, 3 W. Va., 438; *Martin* v. *Rellehan*, 3 W. Va. 480; *Forqueran* v, *Donally*, 7 W. Va. 114. The case at bar then was heard by the court upon its merits, just as it should have heard it, if said exceptions had been expressly overruled by the court, as they should have been, and general replication had been filed to said answers. The case might have been different, if the defendant had taken no depositions. Both of the answers so excepted to were sworn to on the 4th day of February, 1875, and doubtless left in the clerk's office; and the depositions of both the plaintiff and defendants were all taken subsequent to that time, and evidently with reference to the answers. The defendants depositions were manifestly taken to support the allegations of the answers; and those of the plaintiff to prove the bill, and disprove the answers so excepted to. It may be remarked, that the plaintiff made no ob-

1880
Special Term.

Richardson
v.
Donehoo *et al.*

Syllabus 7.

jection to the court hearing the cause, as it did, and did not even ask for a continuance, so far as the record shows. Under such circumstances this Court will presume that the cause was heard without objection. *Gardner et al.* v. *Landcraft*, 6 W. Va. 36. As the plaintiff, who is appellant, took depositions, the decree should not be reversed at his instance for an informality in the proceedings, if it appears that there was a full and fair hearing upon the merits, and that substantial justice has been done. Section four, chapter one hundred and thirty four, Code of 1868. *In Henchman's adm'r* v. *Ballard adm'r*, 7 W. Va. 152 this court held that "when a demurrer is filed to a bill, and the court proceeds to adjudicate, and does adjudicate, the principles of the cause in favor of the plaintiff without first acting *pro forma* upon the demurrer, it will be considered that the court in rendering the decree adjudicating the principles of the cause considered the sufficiency of the bill, and substantially overruled the demurrer thereto." Under the circumstances of this case, it seems to me that it cannot properly be said that the plaintiff was prejudiced by the court proceeding to hear the case upon its merits without expressly overruling by an order the said exceptions to said answer, the exceptions not being well taken. The appellant's said first assignment of error is therefore overruled. It might be different if the exceptions were well taken. It may be that the exceptions ought to be considered as waived, but under the view I have taken of the case, I deem it unnecessary to decide that question now.

*As to the appellant's second assignment of error :*

The first and second exceptions to the depositions of defendant, Daniel Donehoo, involve the sufficiency of the notice and order of adjournment of the taking of the depositions. No particular defect is pointed out by the appellant's counsel in his brief or argument in the notice touching its sufficiency. I have examined the notice and the service thereof and the plaintiff's affidavit, and it

seems to me that the notice of taking the depositions is sufficient. The adjournment of the taking of the depositions from the 23d of February, 1875, to the 24th day of February, 1875, I think, is good and sufficient. The depositions seem to have been taken on the 24th of February, pursuant to the adjournment on the 23d. *Huster* v. *Fulcher*, 5 Rand. 124, 128, 129.

Syllabus 8.

The third and fourth exceptions of the plaintiff to the depositions of Donehoo and McCown are insufficient, being too general. It is the duty of the exceptor to point out the exceptionable passages, contained in the deposition or depositions. It is the duty of the exceptor to lay his finger upon the passages which in his opinion come within the scope of his objections, so that the mind of the court may be brought to bear upon them. In the case of *Harriman* v. *Brown*, 8 Leigh 697, it was held as follows: "A deposition is objected to, so far as it states the mere belief of the deponent as to the matters spoken of by him, the sayings or doings of others not parties to the suit, and the understanding, reputation or tradition of the neighborhood; and also, so far as the answers are given to leading questions. Held, it is no sufficient to make the objection in these general terms but it is incumbent on the parties objecting to point out the exceptionable passages, and move the court to expunge or disregard them." But even if these exceptions

Syllabus 9.

were properly and sufficiently taken, and this court would so regard them, and held, that the court improperly overruled them, the decree of the court below would not be reversed on that account merely, if excluding the objectionable evidence there is still sufficient to sustain the decree. For the foregoing reasons the appellant's said second assignment of error is overruled as not being well taken.

*As to the appellant's third assignment of error:*

This exception has been fully answered in considering the plaintiff's first assignment of error; and for the reasons there stated it is overruled.

*As to the appellant's fourth assignment of error:*

1880
Special Term.

Richardson
v.
Donohoo *et al.*

It appears in this case satisfactorily that the defendant, McCown, did before the filing of the bill in this cause settle with and pay to the defendant, John Jenkins, administrator of Mrs. McCloud, the sum of $300.00 in full satisfaction and discharge of the debt and the lien in favor of Mrs. McCloud on the land purchased by plaintiff, in the bill mentioned. There seems to have been a controversy as to the amount due on said debt, and this controversy was amicably settled and adjusted by and between the attorney and agent of said McCown and the said administrator, and said administrator in his answer substantially admits this fact. The executor or administrator is the proper representative of the personal estate, and all suits in relation thereto should be brought by and against him. In some special cases the rule seems to have been relaxed. See 2d Book of Tucker's Com., ch. 27, vol. 1, p. 435, ed. of 1831. An administrator may settle or compound a debt; but if he compounds or releases debts, actions or demands for less than he ought, he will be liable as for a *devastavit.* Tucker's Com. 2d Book, ch. 27, p. 436, vol. 1, ed. of 1831. See also 1st vol. Lomax on Executors, 2 ed. pp. 574, 575 ; 2 vol. of same 485. I apprehend that where an executor or administrator settles a debt and lien therefor due the estate, and receives payment of the amount ascertained to be due on such settlement, in full satisfaction of the debt, in the absence of fraud or mistake such settlement, as to the party settling and so paying the debt and lien, and payment thereof are generally valid and binding, not only as to the administrator, but as to the heirs of the administrator's decedent. No fraud or mistake is pretended in this case. The administrator being the proper representative of the estate of Mrs. McCloud, deceased, there was no necessity for making her heirs parties thereto in this case, as it now appears. I see no necessity for relaxing the general rule in this case.

Syllabus 10.

Syllabus 11.

Syllabus 12.

In the case of *Craig* v. *Lebrell,* 9 Gratt. 131, one clause

of the syllabus is: "The decree referring to the record of another suit as an exhibit in the cause makes it a part of the record, though it is not referred to in the bill or answer, nor made an exhibit on the order book." In this case at page one hundred and thirty four, Judge Lee in delivering the opinion of the court said: "The next ground of error assigned is, that the court erred in looking into the papers of the injunction case of *Price* v. *Lebrell* upon the hearing of the cause." And at page one hundred and thirty five he says: "The objection, that this injunction case should not have been looked into, because it had not been made a part of the record of this case by the bill or answer, nor made an exhibit by any entry on the order-book, is sufficiently answered by the decree, which itself makes it an exhibit in this cause." In the case at bar the court in its final decree says: "But it appearing to the court by an agreement made a matter of record and entered on the 1st of March, 1875, in the chancery cause lately pending in this court, wherein John H. Jenkins, administrator, was plaintiff, and Josiah Burke *et al.* were defendants, that the said cloud upon the said title has been since removed, it is by the court ordered," &c. This makes the order or decree of the court, entered in the last named case, in relation to said agreement, and said agreement exhibits in the cause. Said agreement of settlement, &c., is made an exhibit in each of the depositions of Daniel Donehoo and A. R. McCown as S. W. P. number five, and its execution fully proved. The appellant in bringing the record of this case before this court has failed to bring copies of said agreement and of said order or decree of the circuit court referred to in the final decree of said court rendered in this cause. It appears clearly by the final decree, that the circuit court read and inspected said agreement and order or decree therein referred to and had its mind specially directed to them, their contents and effect, and based its decree thereon. Now, it seems to me, if the appellant desired this Court to reverse the said

final decree, thus specific in its language and references, because the circuit court erred as to the proper effect to be given in this cause to said agreement and order or decree referred to, he ought to have brought copies of said agreement and order and decree before this Court, as a part of the record of the cause, or if they were lost, he should have supplied them by taking the legal steps for that purpose.

It is true as a general rule that error may consist in the absence of something from the record which should be there, in order to constitute its validity as an essential part of the case. When the record lacks such essential matter, the error then appears of record upon its face, as much as though it was an affirmative error patent in the record. Powell on Appellate Proceedings, p. 326, ch. 7, § 51. But there are what seem to be some exceptions to the general rule. See *Craig* v. *Sebrell,* 9 Gratt. 131, and the opinion of the court in same case as delivered by Judge Lee at pages 134 and 135. Some consideration and weight must be given to the record of the court, as made in its decree, in a case like that before us. *Caldwell* v. *Shields, &c.,* 2 Rob. 305. "An Appellate Court will not reverse the judgment of an inferior court, unless error affirmatively appear upon the face of the record, and such error will not be presumed, all the presumptions being in favor of the correctness of the judgment." *Shrewsbury* v. *Miller et al.,* 10 W. Va., 115. But even though I should be wrong in the view I have presented in regard to what appears in the final decree in this cause in relation to said agreement and the order or decree entered in the said case of said *John H. Jenkins, adm'r, &c.* v. *Josiah Burke, et al.,* still I am satisfied from the admission of said John H. Jenkins, administrator of Mrs. McCloud, deceased, in his answer and from other sufficient evidence in the cause now appearing in the record, that the debt of Mrs. McCloud, deceased, in the bill mentioned, and which is alleged in the bill to be a lien on the tract of land

in the bill mentioned, was fully paid and satisfied before the plaintiff filed his bill of injunction in this cause, and I think it appears that the plaintiff was informed of that fact, before he filed his said bill; but I do not think it appears in the cause that the plaintiff had sufficient information of the fact, before he filed his bill, to render him censurable for having done so in a court of equity, or to justify a court of equity in declaring that he was not justifiable in filing his said bill, though it now appears by the record that the said McCloud debt and the lien thereof had in fact been paid and extinguished a short time before the bill was filed. And for this reason I think, the court properly in dissolving the injunction before granted should have decreed costs in favor of the plaintiff against the defendant, A. R. McCown, but I think the court erred in decreeing costs against all the defendants under the circumstances appearing in this cause. While an appeal, does not lie to this court from a decree for error of judgment in the court below for costs, still where the cause is properly before this court upon subjects other than costs, although the court sees no other error in the decree of the court than in its decree for the costs, this court may correct the decree of the court below as to the matter of costs, and affirm the decree as thus corrected; which I think should be done in this cause. *Jones* v. *Cunningham,* 7 W. Va. 707.

In the last named case it was held by this Court, "if an appeal is taken from a decree of a circuit court to this Court, and the case is within its jurisdiction, the matter in controversy must be enquired into and determined; and if the decree be found to be right in all other respects and erroneous as to costs, this Court will not reverse the decree because of such error as to costs; but may, in a proper case, correct the decree as to the error, and affirm it as corrected." I am not aware that this course has been departed from by this Court since the last named decision.

Tucker in volume two of his Commentaries book three,

page four hundred and sixty-six, edition of 1831 says:
"In those cases, however, in which there is a covenant of
seizin that is broken, or when the party never has been put in possession under his contract, relief against the payment of purchase is freely allowed; for as on the one hand it is unjust that *he* should retain both the possession and the purchase-money, so on the other it would be equally unfair, that the seller should get the purchase-money, where he has never been able to put his vendee in possession. So where *before* a conveyance or outstanding encumbrance has been discovered, the purchaser may retain so much of the purchase-money as will indemnify him, until it is removed, though there be no covenants against encumbrances, Sug. 345. And the like principle prevails, I conceive, even *after* a conveyance, where there is a covenant against encumbrances, even though the vendee knew of their existence, 3 Munf. 68; or even where there is no such covenant, provided the vendee did not know of them, and the vendor did; for the concealment brings the case within the principle of relief against fraud. 3 John. 375."

Upon full consideration of this cause, as it is before us, I see no error in the decree of the circuit court of Hancock county, from and to which the appeal and *supersedeas* is awarded, except, as hereinbefore indicated, as to costs. And it appearing that there is no error in the said decree except in the last clause thereof, which is in these words, "and it is further adjudged, ordered and decreed, that the plaintiff recover against the defendants his costs by him about his suit in this behalf expended," it is adjudged, ordered and decreed, that said last clause of said decree be and is hereby corrected so as to read and to be: "and it is further adjudged, ordered and decreed, that the defendant, Andrew R. McCown, do pay unto the plaintiff his costs by him about the prosecution of this suit expended." And it is further adjudged, ordered and decreed, that the said decree of the said circuit court, as herein above cor-

1880
Special Term.

Richardson
v.
Donehoo *et al.*

rected, be and the same is hereby and in all respects affirmed as corrected, and the appellant must pay the appellees their costs and $30.00 damages.

THE OTHER JUDGES CONCURRED.

DECREE CORRECTED AND AFFIRMED.