# WHEELING.

## Jones *v.* Cunningham.

### July 15, 1874.

1 If an appeal is taken, from a decree of a circuit court to this Court and the case is within its jurisdiction, the matter in controversy must be inquired into and determined; and if the decree be found to be right, in all other respects, and erroneous as to costs, this Court will not reverse the decree, *because* of such error, as to costs; but may, in a proper case, correct the decree, as to the error, and affirm it, as corrected.

2. When the plaintiff, by bill of discovery, seeks a discovery from the defendant as to any matter of fact, the answer is evidence for the the defendant, so far as it is responsive to such bill, as to the fact as to which the discovery is sought; yet as to matter in respect to which no discovery is sought, if the answer alleges anything affirmatively, it is not evidence for the defendant, but it is to be proved by him.*

1871.
June Term.

Appeal, with stay of proceedings, granted by the Hon. Evermont Ward, judge of the ninth judicial circuit, on the petition of William A. Jones, from a decree of the circuit court of Kanawha county, rendered an the 31st day of May, 1873, in two suits therein pending, which came on to be heard together, wherein said Jones was complainant and John S. Cunningham and Edward B.

---

*The following is section seven of chapter ninety-six of the Code referred to in the opinion of the Court.

*7. "Any borrower of money or other thing may exhibit a bill in equity against the lender, and compel him to discover, upon oath, the money or thing really lent, and all bargains, contracts, or shifts relative to such loan, and the interest or consideration of the same; and if it appear that more than lawful interest was reserved, the lender shall recover his principal money or other thing with six per cent. interest only, but shall recover no costs. If property has been conveyed to secure the payment of the debt, and a sale thereof is about to be made, or is apprehended, an injunction may be awarded to prevent such sale pending the suit."

Knight, trustee in a deed of trust executed by said Jones and his wife to secure said Cunningham in the sum of $2,000, with the interest thereon, and dated April 26, 1871, were respondents.

The other facts appear in the opinion of the Court.

The Hon. Joseph Smith, judge of said circuit court, presided at the hearing below.

—————————————————for the appellant.

*Smith & Knight,* for the appellee, Cunningham.

HAYMOND, PRESIDENT:

On the 26th day of April, 1871, the plaintiff borrowed of the defendant, Cunningham, the sum of $2000, and executed his note therefor to Cunningham, payable two years after date, with ten per cent interest, payable semi-annually in advance; and plaintiff by deed, of the date aforesaid, conveyed to defendant, Knight, a tract of land containing fifty acres, more or less, situate in Kanawha, county, in trust to secure to defendant, Cunningham, said debt and interest from date, at the rate aforesaid, and payable, as aforesaid; the debt to be paid in two years from the date of the deed. All of which appears on the face of the deed of trust which was duly acknowledged by the plaintiff, and admitted to record in the Recorder's office of said county, on the 27th day of April, 1871.

At the execution of the deed of trust plaintiff paid Cunningham $100, interest for six months, and afterwards, on April 3rd, 1872, he paid him $200 more, to be applied to interest on the trust deed as stated in a receipt then given by Cunningham to plaintiff, therefor.

On the 20th day of May, 1873, plaintiff filed his bill in the clerk's office of the circuit court of said county, in which he alleges, substantially, the facts above stated and plaintiff filed with the bill a copy of the deed of trust. The bill prays for a discovery of the usury, &c.

It prays that the note and deed of trust may each be declared void, as to any excess of interest agreed to be paid above legal interest, and that the proper credits be given, &c. The bill appears to have been sworn to on the 5th of May, 1873; when process issued does not appear. But on the 19th day of May, 1873, the day previous to the filing of the other bill, the plaintiff filed his bill of injunction, in said clerk's office, enjoining and restraining the defendants from proceeding to sell the land, under the deed of trust, during the pendency of the first named cause, alleging that the trustee had advertised the land for sale under the deed of trust on the 31st day of May, 1873. The last named bill is substantially the same as the first, except it does not pray for a discovery. The bills were evidently filed under the provisions of the seventh section of the ninety-fifth chapter of the Code of this State. The plaintiff does not, in either of the bills, offer to pay the amount due on the debt, with legal interest, after deducting the two payments; nor does he allege that Cunningham claims or demands more on the debt than he is legally entitled to receive; nor does he allege that he has demanded of Cunningham that the usurious interest, or any part thereof, should be deducted or credited, and that Cunningham refused or claimed the usury. In fact he does not directly or indirectly allege that he, at any time, before or after the debt became payable or the land was advertised for sale, had any conversation or communication of any kind with Cunningham, or the trustee, on the subject.

Cunningham, in his answer, admits the loan and the deed of trust as alleged, and that at the date of the loan plaintiff paid him $100 for six months' interest in advance, and that plaintiff, on the 3d day of April, 1872, paid him, on the loan, the further sum of $200, and he avers these are the only payments ever made on the loan. He also states that he advised the trustee of the payments, and instructed him to allow plaintiff credit for said payments, and not to require more than six per cent. interest

on the debt, if plaintiff did not see fit to pay more; but that the plaintiff never approached him or the trustee with reference to the payment of the loan, or with reference to the sale, and that plaintiff did not have reason to believe that his credits aforesaid would not be allowed, or that the ten per cent. interest would be required, if he did not choose to pay it; that the purpose of the plaintiff in rushing into equity was to harrass him and without right or equity hinder and delay him in making his debt; that he credited plaintiff with the full amount of said payment on the debt.    He prays that the injunction may be dissolved and plaintiff's suit dismissed.

The trustee Knight, in his answer, admits that he advertised the land for sale under the deed of trust, as stated in the bills, at the instance of Cunningham; that he (Knight) was advised by Cunningham that he could not exact the ten per cent. interest specified in the trust, and was instructed by Cunningham not to require the same, if plaintiff did not see fit to pay it, or if a sale was made under the deed of trust; that Cunningham informed him of the payments made by plaintiff, and he was fully prepared to allow the payments in settling with plaintiff, and in making a sale under the deed of trust.    He also states that he has always intended to allow said payments, as credits to plaintiff, on the trust debt; that plaintiff had never approached him with reference to the matter, or said a word to him about it, and never offered to pay any part of the balance, and that if plaintiff had come to him instead of rushing into court he would have learned that nothing more was demanded or required of him than the payment of the balance due on his just indebtedness to Cunningham computed at legal interest.

These answers are made under oath.

Afterwards the causes were heard together by the circuit court of said county by consent of the parties, upon the bills, exhibits, answer of John S. Cunningham to each of the bills, the answer of Knight (trustee) to the bill of injunction, with general replication to each answer, and

upon the motion of Cunningham to dissolve the injunction; and it is recited in the decree "and the defendant Cunningham only claiming in his answer legal interest upon the debt secured in the deed of trust filed as an exhibit in these causes, and having credited plaintiff, in his answer, for all the payments he claims to have made on the debt aforesaid, and the court ascertaining that there is now due defendant Cunningham on said trust debt the sum of $1,932.24, including principal and legal interest to date, after allowing all just credits, and sets-off, it is therefore adjudged, ordered and decreed, by the court, that the injunction heretofore awarded plaintiff be dissolved." The decree further recites: "And it not appearing to the court that the plaintiff had any reason or occasion to come into court for redress, or that the defendants or either of them were requiring the plaintiff to pay more than the amount justly due from the plaintiff to the defendant Cunningham, and these causes being now adjudicated, it is further ordered that both causes be dismissed and that the plaintiff pay to the defendants their costs by them expended including $25 statute fee as allowed by law."

An appeal has been allowed by a circuit court judge to this court.

It is difficult to determine whether the appeal as prayed and allowed, is an appeal and *supersedeas* to the whole decree, or only so much of it as dissolves the injunction? From the language of the petition and the order allowing the appeal and *supersedeas* perhaps it might be considered that they apply only to so much of the decree as dissolved the injunction and decreed costs and "$25 statute fee" to the defendants. However, I think the appeal and *supersedeas* may be considered as allowed to the whole decree. Adopting this view the court seems to have allowed the plaintiff all the payments to which he could be entitled and ascertained the true aggregate amount of principal debt with legal interest up to the date of the decree, after deducting all the credits which

plaintiff claimed; and it is not claimed in the assignment of errors that the sum so ascertained is erroneous. There are no depositions in the cause. It was heard upon the bills, exhibits, answers and general replication thereto. The plaintiff having received credit for all he claimed, the payments being admitted, and only two in number, and the date and amount of each credit being clearly shown by the bill and answer of Cunningham, there was no necessity or propriety in the court referring the cause to a commissioner to ascertain the amount due Cunningham from plaintiff and the court did not err in ascertaining the amount without the intervention of a commissioner—The plaintiff was not and could not be prejudiced thereby. The plaintiff having been allowed all he claimed, not only by Cunningham in his answer, but by the court, there was no necessity or propriety of longer continuing the injunction. To have done so would have been unjust to the defendant Cunningham. He was entitled to have the money justly and lawfully due him from the plaintiff. If there ever was any necessity for the injunction it certainly ceased when plaintiff was allowed credit to the full extent he claimed. The court therefore did not err in dissolving the injunction.

But the plaintiff claims that it was error in the court to decree against him for costs and $25, attorneys' fee. The $25 is not allowed as an attorneys' fee. The thirteenth section of chapter one hundred and thirty-eight of the Code provides that the clerk shall include in the costs to the prevailing party in a chancery cause, not less than ten, nor more than thirty dollars, as the court may prescribe. It is evident that the $25, allowed in the decree as a "statute fee," was intended for the amount prescribed by the court to be taxed by the clerk in the costs under said thirteenth section, and if it was right to allow costs to the defendants this is not error. But the seventh section of the ninety-sixth chapter of the Code of this State, provides that if it appear that more than lawful interest was reserved the lender shall recover his

principal money or other thing with six per cent. interest only, but shall recover no costs. The injunction is part of the original cause, and in aid of it, and must be so considered. The injunction is authorized by the last clause of said seventh section. Cunningham in his answer admits that unlawful interest was reserved as charged in the bill, but he avers that he directed the trustee to credit all the payments and charge only legal interest on the money loaned; if the plaintiff objected to paying the usury, and if a sale was made, to only charge the legal interest. This is affirmative matter. It does not appear from evidence nor is it even averred that plaintiff had notice that Cunningham did not claim the unlawful interest, but relinquished it. From the face of the advertisement plaintiff might well infer that Cunningham was claiming when he directed the sale, and would claim, interest, according to the contract and the face of the deed of trust. When the plaintiff, by bill of discovery, seeks a discovery from the defendant as to any matter of fact, the answer is evidence for the defendant so far as it is responsive to such bill, as to the fact as to which the discovery is sought; yet as to matter in respect of which the bill seeks no discovery, if the answer alleges anything affirmatively, it is not evidence for the defendant, but it is to be proved by him. *Taylor v. Moore*, 2 Rand. 575 and 576, opinion of judge Green; 2 Rob. (Old) Prac. 330.

But this Court has appellate jurisdiction in civil cases of this description only where the matter in controversy exclusive of costs is of greater value or amount than $100.

"The matter in controversy in the suit, and upon which the judgment or decree is pronounced, must not only be of the value aforesaid, but the controversy in relation to the matter of that value must be continued by the appeal. If the case be within the jurisdiction of he court, the matter in controversy must be inquired

90

into and determined; and if the decree or judgment be found right in all other respects, and erroneous as to costs, such error may be corrected, as might any other error, no matter how small the amount." *Ashby v. Kiger*, 3 Rand. 165–166.

In the case of *Caleb Boggess' Heirs v. Thomas Robinson's Heirs*, decided by the Supreme Court of Appeals of this State, 5 W. Va. 402, it was *held* that a decree in the court below against a person who was not a party to the bill, might be corrected in the court below on motion and can be corrected in this Court. But it was *further held*, in the same case, that "whether the decree for costs is as it should be or not is a question that cannot be looked into by this Court, as the appeal cannot be supported on any other ground." The decree of the circuit court is erroneous in allowing the defendants costs and the decree in that respect will be corrected here and affirmed.

The decree of the circuit court for the reasons above stated must be affirmed, as corrected, with costs to the appellee Cunningham in this Court and $30 damages.

Paull and Moore, Judges, concurred.

Absent, Hoffman, Judge.

DECREE CORRECTED IN APPELLATE COURT AND AFFIRMED.