# CHARLESTON.

## City of Bluefield *v.* Johnson.

Submitted September 2, 1909.  Decided December 6, 1910.

1.  Municipal Corporations—*Ordinances—Validity.*
    A city ordinance, passed in pursuance of charter authority, is not invalid because it omits some of the details of the method of procedure mentioned in the charter, unless the charter further provides that such omission shall render it invalid.

2.  Same—*Street Improvements—Method of Payment.*
    Where a city, under authority of its charter, provides by ordinance for the improvement of a certain street and for assessing two-thirds of the cost thereof on the abutting lots, and later provides by another ordinance for raising a fund by the

sale of bonds for the improvement of the same street, the city may apply the whole of such fund to the payment of its one-third of the cost of the improvement.

3.   SAME—*Street Improvements—Abatement From Liability.*
   Point 10 of syllabus in *Hager* v. *Melton*, 66 W. Va.. 62, approved and applied.

Appeal from Circuit Court of Mercer County.

Action by the City of Bluefield against C. A. Johnson. Judgment for plaintiff, and defendant appeals.

*Corrected and Affirmed.*

*Bernard McClaugherty* and *Sanders & Crockett,* for appellant.
*D. E. French* and *Ritz & Ritz,* for appellee.

WILLIAMS, JUDGE:

This suit is to enforce the lien of a special street paving tax assessed on defendant's lot which abuts on the street. The right of the City of Bluefield, under its charter, to improve its streets and to assess two-thirds of the cost thereof upon the lots abutting thereon is admitted. But it is insisted that the assessment in the present case is void, because the ordinance providing for the paving was not passed by the council in the manner provided by the city's charter. Section 19 of the charter relates to the passage of ordinances, and reads as follows, viz:

"All ordinances passed by the council shall be spread upon the minutes and read in open council, at the next regular meeting, and if said minutes are found correct the same shall be signed in the presence of the council by the mayor, or, in his absence, by the presiding officer for the time being. The council shall provide an ordinance book, and all ordinances passed shall be copied therein in the order of their passage, and signed by the mayor if found to be correct after a comparison with the originals. Such books shall be indexed to show the subject of each ordinance, and the same, or copies thereof, certified as hereinafter provided, shall be received as evidence by all courts and justices of this state."

It is insisted that, because it was not "spread upon the minutes" of the council, the ordinance providing for the street paving is void. The copy exhibited with the bill shows that

the ordinance "came up after lying over as provided for by the charter of the City of Bluefield," and on motion was passed. It shows that all the members present, thirteen in number, voted for it. Following the list of the councilmen present at the meeting are these words, viz: "Said ordinance being re-corded in ordinance docket page 109."

Does not this show a substantial compliance with section 19? We think so. The ordinance was not spread upon the minutes of the council meeting when first offered, nor any time there-after, but was recorded in the ordinance docket, between the time of that council meeting and the subsequent one at which it was passed, and an index reference to it noted in the minutes. This provision in the charter seems to relate more to matter of form than substance, more to the manner of doing a thing than to the essence of the thing to be done. The charter does not say that an ordinance shall be void unless so spread upon the minutes. The provision seems to have been intended to secure the prompt and orderly transaction of business by the council; and, perhaps, also to prevent any alteration in an ordi-nance between the time it is offered and the time of its passage, by providing a means of comparison. If the latter purpose was in the mind of the legislature, it is accomplished in the present instance by the recordation in the ordinance docket. The original draft of the ordinance could be compared 'with the record in the ordinance docket, before the docket is signed by the mayor, and before the ordinance becomes a law. While it is true that the right to assess a paving tax on defendant's lot abutting on the street, is a jurisdictional question, and must depend upon an ordinance passed pursuant to authority given the city by its charter, and substantially in the manner therein provided, still we think plaintiff has shown a substantial com-pliance with section 19 of its charter; and we hold the ordi-nance in question to be valid.

"Those directions which are not of the essence of the thing to be done, but which are given with a view merely to the proper, orderly, and prompt conduct of the business, and by a failure to obey which the rights of those interested will not be prejudiced, are not commonly to be regarded as mandatory; and if the act is performed, but not in the time or in the precise mode indicated, it may still be sufficient, if that which

is done accomplishes the substantial purpose of the statute." *Redd et als* v. *The Supervisors of Henry Co.,* 31 Grat. 695.

"An ordinance of a city is not invalid, because the ordaining clause is omitted; the law requiring such a clause, but not declaring the law void if that form is not pursued, is directory." *City of St. Louis* v. *Foster,* 52 Mo. 513.

"A city ordinance, passed in pursuance of charter authority, is not necessarily invalid because it omits some of the details of method or procedure mentioned in the charter." *City of St. Louis* v. *Stern,* 3 Mo. App. 48. See also *City of Rockville* v. *Merchant,* 60 Mo. App. 265.

"Where a statute created a city out of a borough and enacted that the existing borough ordinances shall remain in force, *provided,* that they shall be recorded within four months thereafter," the provision as to the recording was held to be directory, and non-compliance therewith not to affect the validity of such existing ordinances. *Trustees of Erie Academy* v. *The City of Erie,* 31 Pa. St. 515.

"Departure from the form prescribed for corporate action, as in the passage of an ordinance, will not affect the validity of such action unless the charter or governing law makes such formality vital, as by declaring the action or ordinance void unless the form prescribed be followed." McQuillan on Munic. Corp., section 116.

"As a general rule, where a statute directs certain proceedings to be done in a certain way, and the form does not appear essential to the judicial mind, the law will be regarded as directory, and the proceedings under it will be held valid, though the command of the statute as to form has not been strictly obeyed, the manner not being the essence of the thing to be done." *Caldwell's Exor.* v. *Prindle's Admr.,* 19 W. Va. 604.

The following authorities and decisions deal with the principle here involved, and are in line with those above cited, viz:  Smith on Munic. Corp., section 507; *U. S.* v. *DeVisser,* 10 Fed. Rep. 642; *Jones* v. *State of Kansas, ex rel. Atherby,* 1 Kan. 273; *Holland et al.* v. *Osgood,* 8 Vt. 276; *City of Cape Girardeau* v. *Riley,* 52 Mo. 424; *Town of Bayard* v. *Baker,* 76 Iowa 220; *Barber Asphalt Co.* v. *Hunt,* 100 Mo. 22 (13 S. W. 98); *Bambrick* v. *Campbell,* 37 Mo. App. 460; *Village of Belknap* v. *Miller,* 52 Ill. App. 617.

It is urged by appellant that the cost of the concrete curbing is improperly included in the assessment levied upon his lot, because the ordinance makes no provision for curbing, but provides only for the paving. The right of the city under its charter to curb, as well as to pave, its streets, and to assess two-thirds of the cost thereof on the abutting lots, is not denied; provided an ordinance authorizing it has been passed. But it is insisted that the ordinance in question makes no provision for the curbing. This question depends upon a proper construction of the ordinance. The ordinance in question reads in part as follows:

"Be it ordained by the council of the City of Bluefield, (The Board of Supervisors concurring therein);—

"Section 1. That the following streets or parts of streets within said city, shall be paved with brick laid on concrete foundation, in accordance with detail plans and specifications made by the city engineer and on file in his office; that is to say:

"1st. *  *  *  *  *  *

"2nd. All of that portion of Bluefield Avenue between the curb lines of said avenue, beginning at the intersection of said avenue with Hoge street and extending along and over said Bluefield avenue, between the curb lines thereof to the intersection of said Bluefield avenue with the first street west of Cherry street."

The ordinance does not provide for concrete, or any other kind of curbing. It contemplates only the paving of Bluefield avenue with brick. The paving was contracted to Kelly Bros. The concrete curbing was put in by another contractor. There is nothing in the language of the ordinance to advise the tax payers that it was the city's intention to put in concrete curbing. Our opinion, therefore, is that so much of the assessment on defendant's lot as is made on account of the curbing is void because no ordinance was passed authorizing it. It appears that the amount assessed on defendant's lot for the curbing amounts to only $23.94, which is less than the amount entitling him to appeal to this Court. However, this Court having jurisdiction on account of other errors assigned in the petition, can correct the error in the decree as to the item of $23.94. *Jones* v. *Cunningham,* 7 W. Va. 707; *Richardson* v. *Donehoe,* 16

W. Va. 685 (Syl. Pt. 15); *Farmer's Bank* v. *Woodford*, 34 W. Va. 480.

The assessment against defendant's lot for paving alone is $154.34; and was made final by the Board of Supervisors of the City of Bluefield on the 21st of December, 1907. Interest on this sum to the date of the decree below, to-wit, June 28, 1909, is $14.08, thus making the amount of plaintiff's lien as of that date, for the paving only, $168.42. The decree will, therefore, be corrected so as to read $168.42, instead of $190.59, and as so corrected it will be affirmed with costs to appellee.

As to the other points made in brief of counsel we think, clearly, there can be no error. The ordinance providing for the bond issue was not passed until the 3rd of June, 1907, long after the ordinance in question was passed. The city had a right to apply the funds derived from the sale of bonds to the payment of its one-third of the cost of street improvement. It appears that that portion of the fund derived from the bond issue, which the ordinance provided should be applied to Bluefield Avenue, was not sufficient to pay the city's one-third of the cost of improving that street. It had the right also to the benefit of the paving done by the street railway company. This point is settled in *Hager* v. *Mellon,* 66 W. Va. 62, (Syl. pt. 10).

The decree of the lower court will be corrected, and as corrected affirmed with costs to appellee.

*Corrected and Affirmed.*