## Meacham Contracting Co. v. Kleiderer.

(Decided January 25, 1912.)

### Appeal from Henderson Circuit Court.

1. Municipal Corporations—Ordinances—Record of by Clerk.—The statute provides that the common council shall cause to be kept

"a complete and correct journal of its proceedings," but this does not necessitate the recordation in full of ordinances. An entry on the journal that will show fairly and intelligently what the council did will be sufficient.

2.   Same—Special Meetings of Council—Notice of.—The statute provides that the mayor may call special meetings of the council "but in the call he shall designate the purpose of same, and no other business shall be considered." An ordinance directing a street improvement had its final passage at a special meeting, the notice of which given by the mayor said it would be called "to consider ordinances." Held: This notice was not sufficient under the statute to authorize the council to adopt a street improvement ordinance.

3.   Same—Special Meetings—Requirement as to Notice Mandatory.— The provision of the statute requiring notice of special meetings is mandatory, and nothing short of a substantial compliance with it will satisfy the statutory requirements.

4.   Same—Special Meetings—Notice.—In the absence of the character of notice contemplated by the statute, the council has no power to transact any business at a special meeting. The sufficiency of the notice is a jurisdictional fact that lies at the very bottom of the validity of everything that the council does at a special meeting. It gets its authority to attend to business from the notice and from no other source; and can only do such things as the notice designates will be brought to its attention.

5.   Same—Notice—Sufficiency of.—It is not necessary that the notice should designate accurately or in detail the character of business that will be brought before the council, but neither should the purpose of the statute be defeated by a loose construction that would leave it without meaning or effect. As practically all the business transacted by the council is in the form of ordinances, a notice that "ordinances will be considered" is not sufficient to authorize the consideration of any ordinance.

YEAMAN & YEAMAN for appellant.

F. J. PENTECOST for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

Under an ordinance passed by the common council of the city of Henderson, the appellant company improved the sidewalk abutting on property of appellee. Afterwards it brought this equitable action against appellee to enforce its lien upon his property to satisfy the cost of the improvement. A recovery was resisted upon the ground that the ordinance authorizing the improvement was void, first: Because the special meeting of the council at which it had its second reading and final passage was not legally called; and second, because the ordinance on

its first reading was not entered by the clerk of the council on the journal of the proceedings.

Taking up first the second ground urged to the validity of the ordinance, it can be easily disposed of.

Section 3274 of the Kentucky Statutes reads in part:

"The common council shall cause to be kept a complete and correct journal of its proceedings." * * *

The ordinance in question was introduced and had its first reading at a regular session of the council held on February 15, 1910, and so much of the journal of the proceedings of that meeting as relate to this ordinance, reads:

"An ordinance for the improvement and laying of sidewalks on the north and south side of Second street between Elm and Green streets was read and passed on its first reading at the aforesaid meeting on February 15, 1910."

It is said in argument that it was essential to the validity of the ordinance that the clerk should have set it out in full upon his journal of the proceedings, and that the record of it made by him was not a sufficient compliance with the statute. But we do not think the objection to the validity of the ordinance based upon the ground that the clerk failed to enter it in full upon his record is well taken. Whether or not it is essential to the validity of an otherwise sufficient ordinance that any record of it should be entered upon the journal of the council is a question that it is not necessary to decide as in our opinion the entry upon the journal of the proceedings in respect to this ordinance was sufficient even if it was essential to its validity that a record should be made. Commonwealth v. Williams, 120 Ky., 314; McNulty v. Toof, 116 Ky., 202; Reed v. City of Louisville, 22 Ky. L. R., 1636; Dillon on Municipal Corporations, Sec. 293, et seq.; 28 Cyc. 358; City of Bluefield v. Johnson, 68 W. Va., 303, 69 S. E., 848. The journal contains such a record of the proceedings as that any person interested in the matter could readily understand from the entry what the council did in respect to the improvement of these streets, and, if he desired further information as to the details of the ordinance, he could procure a copy from the clerk. The journal of the clerk in respect to ordinances like the one under consideration is intended to be an index that will show fairly and intelligently what the council did, rather than a full and complete record of its proceedings.

The contention however that the call for the special meeting did not describe with sufficient accuracy the business that would be brought before the council at the special meeting presents a more important and difficult question, in the solution of which it becomes necessary to consider the following Sections of the Kentucky Statutes, that are a part of the charter of third-class cities, of which Henderson is one. Section 3276, provides that:

"The common council shall hold two regular meetings each month upon such days as may be fixed by ordinance. * * *"

Section 3279, that "No ordinance shall take effect and be binding until the same shall have been twice publicly read and passed by the common council at two sessions held on different days."

Section 3301, provides that: "He (the Mayor) may when he deems it expedient, and shall upon the written request of a majority of the members of the council, call a special meeting of the council, but in the call he shall designate the purpose of same, and no other business shall be considered."

The ordinance in question had its first public reading and was duly passed at a regular meeting of the council held on February 15, 1910, but its second reading and passage was had at a special meeting of the council on March 18, 1910. This special meeting was called by the Mayor in the following written notice given to each of the councilmen:

"There will be a called meeting of the common council Friday, March 18, to consider ordinances. The meeting will be called at 7:30 p. m. No other business will be considered."

The objection urged to this notice is that it was fatally defective in failing to designate as required by the statute "the purpose" of the meeting. In opposition to this, it is insisted by counsel for the appellant that the statute is merely directory and that no particular form of notice is required, the only essential thing being that the members of the council shall be notified that a special meeting is called and advised when and where it will meet. But we attach more importance to the provision of the statute than counsel do, and think that nothing short of a substantial compliance will satisfy its requirements, and that the council has no authority to transact any business at a special meeting unless it

has been called in the manner pointed out in the statute. But, conceding that notice in substantial conformity to the statute is required, the argument is further made for appellant that the notice designated with sufficient certainty the business to be transacted to authorize the passage of the ordinance in question and whether the notice did or did not do this, is the real question in this case. That the notice for special meetings shall conform to the statute is recognized by all of the authorities we have had opportunity to examine; and, as illustrating the general doctrine on this subject, we quote the following from Dillon on Municipal Corporations, Section 268:

"Where the statute requires the notice 'to specify the business to be done,' an omission to comply with this requirement makes the meeting void; and it is held that a notice stating generally 'to do any proper business' is insufficient, and the acts and votes of a meeting held under it are of no binding or legal force. Indeed, the rule is general that where the statute requires the business to be stated in the warrant or notice, this is absolutely essential, and the meeting must be confined to those matters."

And there is good reason for requiring that notice of special meetings should be given, and that the notice should specify the purpose of the meeting with such fullness and accuracy as to give reasonable information of the business it is proposed to transact at the special meeting. The council is the legislative body of the city, and it is of prime importance that the people who are concerned in legislation that directly affects their interests and welfare should have opportunity to know when and where meetings of the council will be held and what business will probably be transacted, so that they may have the opportunity, if they so desire, of advising and counseling with the members and attending the meeting to observe the manner in which their representatives perform the duties they were elected to discharge. Appreciating the value of having fixed and well known times for the assembling of the council, the statute provides that the common council shall hold two regular sessions each month upon such days as may be fixed by ordinance, and all the business it has power to transact must be attended to at these regular meetings, unless a special session is ordered. As a further safeguard against hasty and inconsiderate action on the part of

the council, it is expressly provided in the statute that no ordinance shall be effective until it shall have been twice publicly read at two sessions held on different days, so that, when ordinances are enacted at regular sessions, there is ample time for deliberation and consultation. The members have the opportunity to discuss the pending ordinances with their constituents, and their constituents have an opportunity to advise with their law-makers concerning the wisdom and propriety of contemplated legislation. The members of the council, and the citizens also, know when these regular sessions will be held. They know that at these regular sessions the council has power to transact any business that may properly come before it, and it may be reasonably anticipated that at every regular meeting action will be taken upon matters that concern municipal affairs. But the situation is quite different when special meetings are called, even if all the formalities of the statute are carefully observed. These meetings may be called at any time without notice to any person except the members of the council. They may be called at a time when the interested citizen not having sufficient notice could not attend, or at a time that did not give opportunity for investigation or consideration, or at a time when it might be considered desirable to defeat or adopt a certain measure. And, when it is considered that the council has power to make contracts, grant privileges and franchises, and do many other things that vitally and often permanently affect the welfare of the city, the importance of time for consideration and reflection on the part of the members of the council as well as the people who are to be affected can hardly be over-estimated. It was to protect the rights of the people and save them from the evil consequences that might follow hasty or inconsiderate action on the part of the council at special meetings that induced the legislature to carefully point out the manner in which these meetings might be called, and to provide that no business should be considered at a special meeting unless the notice calling the meeting designates the purpose of it, or, in other words, indicates the particular business that will be considered. In the absence of the character of notice contemplated by the statute, the council has no power to transact any business at a special meeting. The sufficiency of the notice is a jurisdictional fact that lies at the very bottom of the validity of everything that the counsel does

at a special meeting. It gets its authority to attend to business from the notice and from no other source. It can only do such things as the notice designates will be brought to its attention. Let us see now if this notice furnished to the members of the council the information necessary to authorize it to adopt the ordinance under consideration. If it did, the ordinance is valid; if it did not, it is void. The statute provides that the notice "shall designate the purpose of the meeting." The notice given informed the council that at the meeting "ordinances would be considered," but it did not in any manner or form indicate what class or character of ordinances would be considered or disposed of. Practically all of the business that may be transacted by the council comes before it in the form of ordinances that relate to every subject the council has jurisdiction to legislate concerning. It would be difficult to use in connection with the business that the council might transact, words of larger meaning than to say it would "consider ordinances." No person reading the notice would have the slightest idea whether the ordinances to be considered related to street improvements or to any one of the multitude of subjects that the council might legislate concerning by the enactment of ordinances. Indeed, if the notice had read "there will be a called meeting of the common council Friday, March 18," it would have furnished fully as much information as to the nature of the business to be considered as did the notice that was given. Evidently the legislature in directing that the notice should designate the "purpose of the meeting" intended that it should be sufficiently definite and certain to give information of the character of business that would be transacted so that the members of the council and through them the public generally might have some intelligence of the proposed legislation and some opportunity to consider it. If this was not the intention of the statute, there was no reason for the insertion of these words that prescribe and limit the powers of the council and furnish notice of what it will attempt to do. We do not think it necessary that the notice should designate accurately or in detail the character of business that will be brought before the council. We do not wish to give the words in the statute a narrow construction or one that would require the exercise of particular care in the choice of words to be used in the notice. A practical common-sense observance of the statute does

not demand this strictness; but, neither should its purpose be defeated by a loose construction that would leave it without meaning or effect.    For example, if this notice had read "ordinances relating to street improvements," or, "ordinances that have had their first reading," or "ordinances relating to revenue and taxation," or, "the granting of franchises," or, "ordinances relating to the police or fire department," would be considered, although the notice might not specify the particular subject under these general titles that would be considered, it would yet give information of the scope of the business to be transacted, and no person of ordinary intelligence would be deceived or misled by it. This is the view we expressed in the case of Reuter v. Meacham Contracting Co., 143 Ky., 557, relied on by counsel for appellant.    In that case the notice of the special meeting read "you are hereby notified that a meeting of the common council of the City of Henderson, Ky., is hereby called to meet in council chamber in the city of Henderson on the 8th day of March, 1910, at 7:30 o'clock p. m., to consider ordinances for street improvements on their first and second reading.    No other business will be considered."    In holding this notice sufficient, we said:

"The statute does not give the form of the call or notice, and it will be deemed sufficient if it merely designate in general terms the purpose of the meeting.    Details are unnecessary.    Only a designation of the subject or subjects of legislation or business to be considered at the called meeting of the council is required.    Manifestly the call for the meeting of the council of the city of Henderson on the occasion under consideration meets this requirement."

To the same effect is the opinion of the Supreme Court of Connecticut as expressed in the case of Haydon v. Noyse, 5 Conn., 391, cited with approval in Bloomfield v. Charter Oak Natl. Bank, 121 U. S., 121, 30 L. ed., 923.    The law of Connecticut provided that "a town cannot make a contract or authorize any officer or agent to make one in its behalf except by vote in a town meeting duly notified or warned, and the notice or warning must specify the matter to be acted on."    In considering this statute, the court said:

"By the act concerning towns, the mode of warning town meetings is specially prescribed.    There is to be a notification in writing, 'specifying the objects for

which they are to be held,' signed by the selectmen, and set upon the public sign post or posts in the town, at least five days before the meeting. A meeting not warned agreeably to the mode designated is no legal congregation of the town; and its acts in that capacity are void. If the object be to regulate the clam and oyster fisheries, that object must be specified in the warning, in an intelligible manner. A notification to assemble a town meeting for a lawful purpose, duly specified, and to do other town business, is, except as to the specification, as entirely exceptionable as if the town were warned to meet and do any business they should think proper. It is the purpose of the law, not to prescribe a frivolous form, but to give substantial information. If the object of the meeting is specified, it will present a motive to the inhabitants to be present, and they will leave business, even if it be pressing, provided they feel an interest in the subject to be determined. On the other hand, if the subject is unimportant, and any of the inhabitants should feel no concern in the result, they may with safety pursue their ordinary business; and this certainly is a matter of convenience."

After a full consideration we are of the opinion that as the notice was not sufficient to authorize the consideration of the ordinance, its enactment was void, and the judgment of the Lower Court is affirmed.