VENANZIO MAYO *vs.* INHABITANTS OF WEST SPRINGFIELD & others.

Hampden.    May 17, 1927. — July 11, 1927.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Municipal Corporations*, By-laws and ordinances, Officers and agents, Town meeting, Clerk's records. *Evidence.* Extrinsic affecting writing. *Zoning.*

While a town clerk is required to record all votes at a town meeting during his term of office, he is not as a matter of law required to spread upon his records of a town meeting the exact wording of a by-law adopted at that meeting, if the vote adopting it contains language from which, by reference to a document used at the meeting, that language can be ascertained.

While the records of a town meeting cannot be contradicted or amended by parol evidence, the subject matter of a vote at such a meeting, duly recorded by a town clerk, may be established and its identity shown by parol evidence.

At a town meeting duly warned for the consideration of amendments to the by-laws, amendments as to sewers and a zoning by-law were proposed. A pamphlet was distributed containing the proposed amendments approved by a committee, those relating to zoning being in a chapter denominated "VII." The town clerk's records showed that "it was voted to alter the by-laws by adding thereto Chapter VII, commonly known as the Zoning Ordinance, the Moderator to appoint five members, one from each precinct, to compose the board of appeal until the next annual meeting as provided in Section 20." A master who heard a suit to enjoin action by the town officials based on the

zoning by-law, on parol evidence outside the town clerk's records, found in substance that the zoning by-law in the pamphlet was "the by-law intended by the vote to be enacted." *Held*, that the town clerk was not required to copy the by-law in his records, his record of the vote was adequate, and the by-law was fully identified.

BILL IN EQUITY, filed in the Superior Court on March 25, 1925, to enjoin the town of West Springfield, its inspector of buildings and its chief of police from prosecuting any action or suit against the plaintiff based upon alleged by-laws relating to zoning.

The suit was referred to a master. Material facts found by him are stated in the opinion. The suit then was heard upon the pleadings and the master's report by *Hammond*, J., who ruled that the town clerk's record, stated in the opinion, "was inadequate and that it failed to identify any zoning by-law alleged to have been adopted at the town meeting," and that there was "no legal evidence that the town of West Springfield has adopted any zoning by-law which would make the use of the plaintiff's store for a grocery and provision business unlawful." The judge ordered a decree granting the relief sought and reported the suit to this court.

The case was submitted on briefs.

*M. L. Davis*, for the plaintiff.

*E. A. McClintock, D. B. Hoar, & R. D. Houlihan*, for the defendants.

CARROLL, J. In May, 1923, the town of West Springfield passed a zoning by-law limiting certain districts to residential uses. The plaintiff, in December, 1924, occupied a building, erected by him after the passage of the zoning by-law, and therein carried on the grocery and provision business, "which was a nonconforming business use in a residential district"; and he has continued to conduct his business in this building. In March, 1925, he brought this suit in equity to restrain the defendants from prosecuting any action against him based on the alleged by-law. The case was sent to a master, and is before us on a report by a judge of the Superior Court.

The meeting at which the zoning by-law was adopted was duly called. The article in the warrant read: "To see if

the town will vote to alter its by-laws by adding thereto a zoning by-law as authorized by Section 25 of Chapter XL of the General Laws and any and all acts in amendment thereof and in addition thereto." At the meeting pamphlets of sixteen sheets were distributed. The front cover page was entitled, "Town of West Springfield, Massachusetts — Nineteen Hundred Twenty-Three," a facsimile of the town seal being printed thereon. The pages were numbered from one to twenty-five inclusive. At the top of page one, in large type, appeared, "The Enclosed Proposed Additions to the By-Laws, Chapters VI and VII, were Unanimously Approved by the Committee and Voted to Recommend to the Town Meeting for Adoption." Chapter VI related to sewers; the balance of page one and all of pages two to six inclusive contained printed matter of the proposed by-laws on sewers. At the top of page seven, under the heading "Town of West Springfield in the year 1923," the following was printed: "By-laws relative to the limiting of buildings, according to their use or construction to specified parts of the town." The remainder of page seven and all of pages eight to twenty-five inclusive, "contained what was plainly the proposed zoning by-law." The by-laws of the town adopted in 1911 containing chapters I to V were in evidence. The master found that the pamphlet was distributed at the meeting; that at the back of the platform where the moderator sat a map was posted in view of the voters; that the records of the meeting show "On a motion by Mr. Roberts, amended by Frank Hinckley, it was voted to alter the by-laws by adding thereto Chapter VII, commonly known as the Zoning Ordinance, the Moderator to appoint five members, one from each precinct, to compose the board of appeal until the next annual meeting as provided in Section 20. Yes 81. No 13." With reference to the record of the town clerk, the master found that at the meeting it was voted to alter the by-laws by adding thereto chapter VII; that comparing the vote with § 20 as it appears in the pamphlet "tends to identify the by-law on Page 7 of the pamphlet as the by-law intended by the vote to be enacted."

. The plaintiff contends that the zoning by-law was not

legally enacted because it was not copied into the town records; that the record of the town clerk was inadequate in that it failed to identify any zoning by-law alleged to have been adopted at the town meeting.

Before the enactment of St. 1904, c. 344, a town by-law did not take effect until approved by the Superior Court and recorded in the office of the clerk of courts. R. L. c. 25, § 26. St. 1904, c. 344, § 1, amended this law by requiring that before a by-law shall become effective it must be approved by the Attorney General and published in a newspaper at least three times. G. L. c. 40, § 32. A town clerk is required to record all votes at a town meeting during his term of office, but he is not specifically directed to spread upon the records the reports of committees or a by-law adopted at a town meeting. It may be prudent to copy such by-laws into the town records or to make them a part of the record, especially when a by-law of the kind in question, dealing with property rights and the liability of land owners, is involved; but the copying of them into the records of the town clerk is not of essential importance, provided they can be identified in some other way and are embodied in some permanent form so that their existence, adoption, and identification are not left uncertain.

In *Howard* v. *Stevens*, 3 Allen, 409, the legality of the establishment of school districts was questioned. The report of the committee, enumerating and describing the several districts into which the town was divided, was not recorded, although the vote of the town accepting the report was recorded. In the course of that opinion it was said, at page 410: "It was sufficient that the vote of the town accepting the report of the committee was duly recorded, and that the report was on the files of the town. The clerk of a town is not required by law to record the reports of committees. His duty is discharged by recording the votes passed by the town." See *Smith* v. *Abington Savings Bank*, 171 Mass. 178, 184, 185. The records of a town clerk cannot be contradicted or amended by parol evidence. They are conclusive in relation to all business therein recorded. *Taylor* v. *Henry*, 2 Pick. 397. *Howlett*

v. *Holland*, 6 Gray, 418.   *Mayhew* v. *District of Gay Head*, 13 Allen, 129.   *Andrews* v. *Boylston*, 110 Mass. 214.   *Judd* v. *Thompson*, 125 Mass. 553.   See in this connection *American Tube Works* v. *Boston Machine Co.* 139 Mass. 5, 10.

The subject matter, however, of a vote duly recorded may be established and its identity shown by parol evidence. This question was discussed in *Choate* v. *Sharon*, 259 Mass. 478, where it was said at page 485: "It is enough to say that the words of the taking of the right to 'a drain for a portion of North Main Street' over the land described, when read in the light of the physical features of that street and its connecting streets and the natural means of drainage adopted for such streets, mean a right to drain the territory actually drained over the land taken as shown by the findings.   The taking is not too vague or indefinite, but is susceptible of certainty when applied to North Main Street as then constructed and maintained."   *Hartwell* v. *Littleton*, 13 Pick. 229, 233–235.   *Howard* v. *Stevens, supra.   Leominster* v. *Conant*, 139 Mass. 384.   This is merely an application of the rule that parol evidence may be resorted to for the purpose of applying the words of a written instrument to the specific object of the writing.   *Butler* v. *Prussian*, 252 Mass. 265, 268, 269.   See *Nickel* v. *Zeitz*, 258 Mass. 282, 286.   *Reinherz* v. *American Piano Co.* 254 Mass. 411, 420.

In the case at bar the town clerk's record shows that it was voted to amend the by-laws by adding thereto chapter VII, commonly known as the zoning ordinance.   Chapter VII was contained in the printed pamphlet distributed at the meeting.   This in connection with the existing by-laws was enough to designate the by-laws adopted at the meeting and to identify them as the by-laws adopted.   The master finds this is a fact, and as the evidence is not reported we are bound by the finding.

It does not appear that a map was annexed to the pamphlets distributed, and it nowhere appears that the map in question was referred to in the by-laws.   Assuming that it was referred to in the by-laws and was of importance in designating the areas affected by the by-law, there is nothing

to show that it was not placed with the by-laws in the files of the town. The record of the vote would not be contradicted or varied by showing this, or by the existence and identification of the by-law shown by proper evidence. We find nothing in *Sheehan v. Fitchburg,* 131 Mass. 523, in conflict with what is here decided.

The sole issue reported by the trial judge was the adequacy of the town clerk's record of the vote, in that it failed to identify the zoning by-law. The question of the approval of the by-law by the Attorney General is not before us and, without intimating that it was not legally approved, we do not consider it. Nor is the sufficiency of the publication of the by-law raised. In our opinion the town clerk was not required to copy the by-law in his records, his record of the vote was adequate, and the by-law was fully identified. It follows that the order for a decree in favor of the plaintiff is reversed and a decree is to be entered dismissing the plaintiff's bill.

*Ordered accordingly.*