PLUMFIELD NURSERIES, INC., A CORPORATION, APPELLANT,
v. DODGE COUNTY, NEBRASKA, A BODY CORPORATE, ET AL.,
APPELLEES.

167 N. W. 2d 560

Filed April 25, 1969. No. 37151.

Sidner, Gunderson, Svoboda & Schilke, for appellant.

Lyle B. Gill and Richard H. Kuhlman, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

This is a suit for an injunction by Plumfield Nurseries, Inc., to enjoin Dodge County, the City of Fremont, and the former's treasurer and assessor, from assessing, levying, or collecting taxes or acting in any manner purportedly granted by its annexing ordinances in annexing 19.94 acres of land to the City of Fremont, which lands are specifically described in plaintiff's petition. Plaintiff further asserts that the statutes authorizing the annexation ordinances are unconstitutional and void, and that such annexation ordinances are therefore void and of no force and effect. The trial court denied an injunction and dismissed plaintiff's petition. Plaintiff has appealed.

Plaintiff is engaged in the wholesale nursery business near Fremont. It owns or leases approximately 400 acres of land, 19.94 acres of which were purported to have been annexed to the City of Fremont by ordinances No. 2568 passed on October 31, 1967, and No. 2584 passed on January 30, 1968. The tract of land in question is bounded by Twenty-third Street on the north, Twenty-first Street on the south, Nye Avenue on the east, and a line about a block east of Somers Avenue on the west, except a tract in the northeast corner and a smaller tract in the northwest corner, as shown by a plat identified as exhibit 34, which smaller tract was annexed by ordinance No. 2568. The balance of the tract was annexed by ordinance No. 2584.

The tract in question is surrounded by lands which lie within the city limits of the City of Fremont. It is in effect an island within the corporate limits of the city. There are residence and business properties abutting the tract or across the streets which bound it. Although such properties are not great in number, they adjoin or face the property on all sides. The property annexed was occupied by a residence, an office, a warehouse and dock, nine greenhouses, 58,000 square feet of lath houses, and other smaller buildings and other struc-

tures commonly used in a wholesale nursery business. The tract had a gravel road through its center from east to west, and other driveways for convenience. The area had never been platted and it contained no laid-out streets.

The property was annexed under the provisions of section 16-117, R. S. Supp., 1967, which provides in part as follows: "The corporate limits of a city of the first class shall remain as before, and the mayor and council may by ordinance, * * * at any time, include within the corporate limits of such city any contiguous or adjacent lands, lots, tracts, streets, or highways as are urban or suburban in character, and in such direction as may be deemed proper. Such grant of power shall not be construed as conferring power upon the mayor and council to extend the limits of a city of the first class over any agricultural lands which are rural in character." The plaintiff contends that the foregoing statute is violative of the due process clauses of the state and federal Constitutions, to wit, Article I, section 3, Constitution of Nebraska, and the Fourteenth Amendment to the Constitution of the United States.

It is plaintiff's contention that the words "as are urban or suburban in character" are so vague and indefinite that a court cannot determine without adequate standards whether or not the mayor and council performed their legislative function by finding that the land was urban or suburban in character. It is contended that when the court determines if the lands are urban or suburban in character under such circumstances, it is performing a legislative and not a judicial function. It is asserted that "urban or suburban in character" is a separate condition and cannot be found to exist because of facts indicating that the lands are contiguous or adjacent and are not agricultural or rural in character. The point is an ingenious one, but has no real substance. The words "urban" and "suburban" have a plain meaning and a common use that is well understood. "Urban"

means "of or belonging to a city or town." Shields v. City of Kearney, 179 Neb. 49, 136 N. W. 2d 174; City of South Pasadena v. City of San Gabriel, 134 Cal. App. 403, 25 P. 2d 516. The terms "urban or suburban in character" are not vague and indefinite as used in section 16-117, R. S. Supp., 1967.

Plaintiff argues that section 16-120, R. S. Supp., 1967, is also violative of the due process clauses of the state and federal Constitutions. It provides: "The inhabitants of territories annexed to such city shall receive substantially the benefits of other inhabitants of such city as soon as practicable, and adequate plans and necessary city council action to furnish such benefits as police, fire, snow removal, and water service must be adopted not later than one year after the date of annexation, and such inhabitants shall be subject to the ordinances and regulations of such city; Provided, that such one-year period shall be tolled pending final court decision in any court action to contest such annexation." The main constitutional objection is that benefits to be derived from the annexation need not be provided by the city until 1 year after the annexation. It is argued that the hiatus between the date of annexation and the date the benefits must be provided is not a reasonable basis to test the equality of benefits required to be furnished by annexation. It is claimed that this deprives those annexed of their property contrary to the mentioned due process clauses.

We think, however, that plaintiff's interpretation of the act is expanded beyond its true meaning. The act states that the benefits accruing to other inhabitants of the city shall be afforded and the property annexed as soon as practicable and that adequate plans and necessary city council action to provide such benefits as police, fire, snow removal, and water service must be adopted not later than 1 year after the annexation. It can hardly be expected that benefits of annexation could be afforded immediately after annexation and the re-

quirement that they be furnished as soon as practicable after the annexation meets the requirements of due process.

Plaintiff's argument assumes that it will receive no benefit from annexation for a year although its burdens, including the payment of higher taxes, will be imposed on it. As we have stated, plaintiff incorrectly assumes that it will be deprived of the benefits of annexation for 1 year. But this is not the meaning of the statute when considered as a whole. On annexation, the city is required to furnish benefits as soon as practicable but within a year. If the city fails in this respect plaintiff's remedy lies elsewhere than in a declaration of unconstitutionality of the authorizing statute. There is no want of due process or inequality of benefits in the legal sense.

Plaintiff urges that the acreage here involved was agricultural and not urban or suburban in character, and that it would receive no benefit from annexation. Plaintiff has a utility light line that provides electricity for inside lights and floods the outside area automatically during the hours of darkness. It has two water service lines, one for ordinary domestic use and the other for both an underground and overhead irrigation system. For these services, it pays the rate applicable to customers living outside the city. It wholesales 95 percent of its products although it maintains a retail store. It employs from 35 to 40 employees most of whom live within the corporate limits of the City of Fremont. These employees have a library, swimming pool, and other municipal facilities available to them.

By its annexation to the city, plaintiff's utility services will be paid for at the lesser rate applicable to residents of the city. Plaintiff will be entitled to police and fire protection which it now only gets in an emergency. True, it will pay more taxes, which in itself does not warrant annexation, but there are material benefits accruing.

The acreage is not agricultural land under all the circumstances here shown. The tract is used as a wholesale nursery business and as such it may be partially subjected to horticultural and agricultural pursuits in the same manner as in some rural territories, but it is nevertheless urban in character. It is a business in the ordinary sense and not an agricultural pursuit within the intent of the statute. This is almost conclusive for the reason that it lies wholly within the corporate limits of the City of Fremont.

"A city of the first class is authorized to annex territory which is contiguous or adjacent to it if it is urban or suburban in character and not agricultural land that is rural in character." City of Bellevue v. Eastern Sarpy County S. F. P. Dist., 180 Neb. 340, 143 N. W. 2d 62. The annexation of land to cities and towns is a legislative function and it is for their governing bodies to determine the facts which authorize the exercise of the power granted. Williams v. County of Buffalo, 181 Neb. 233, 147 N. W. 2d 776. The evidence in this case sustains the mayor and city council of Fremont in finding in effect that plaintiff's lands here involved were adjacent and contiguous to the corporate limits of the city, that they are urban or suburban in character, and that they are not agricultural lands that are rural in character.

We hold, therefore, that sections 16-117 and 16-120, R. S. Supp., 1967, are not violative of the due process clauses of the state or federal Constitutions, that the evidence is sufficient to sustain the annexation of the subject property, and that ordinances Nos. 2568 and 2584 are valid and constitute a proper exercise of the powers granted by the aforesaid statutes. We find no prejudicial error in the record and the judgment of the district court is affirmed.

AFFIRMED.