JACK WEBBER ET AL., APPELLANTS, v. CITY OF SCOTTSBLUFF, NEBRASKA, A MUNICIPAL CORPORATION, APPELLEE.

188 N. W. 2d 214.

Filed July 23, 1971. No. 37858.

Wright, Simmons, Hancock & Hall, for appellants.

Loren G. Olsson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

This is an action for a declaratory judgment to have an annexation ordinance of the City of Scottsbluff declared void. The land which is the subject of the annexation is a 43-acre tract owned by the plaintiffs. The date of passage and approval of the annexation ordinance was June 29, 1967. The district court found generally for the defendant City and dismissed the petition of the plaintiffs. The plaintiffs appeal. We affirm the judgment of the trial court.

The plaintiffs make the following claims: (1) The tract annexed was not urban or suburban in character but was agricultural and rural and was therefore not subject to annexation; (2) the annexation ordinance was not validly enacted nor was its enactment proved by competent evidence; and (3) the defendant City failed to comply with the provisions of section 31-766, R. R. S. 1943, relative to the change of boundaries of the City and the rural fire protection district in which the annexed territory was included and that the annexation was void for this reason. Some of these contentions involve subsidiary claims of error in the judgment of the trial court and these will be treated later in the opinion

in connection with the assignment of error to which they pertain.

The evidence shows that the tract in question is trapezoidal in shape but approaches a rectangle of the following approximate dimensions, to wit, 1,015 feet in width and about 1,500 feet in average depth. The record establishes that on the date of the passage and approval of the ordinance, the following uses existed: A shopping center occupied an area of 175 by 425 feet in the southwest corner of the property. The southeast corner was occupied by a large furniture store and a farm supply store with a separate office building for the supply store and a separate heating plant for the furniture store. Approximately two-thirds of the way northerly on the east boundary was a furniture warehouse. Near it and slightly further north was an empty caretaker's residence. In the northeast corner of the tract was the residence of the plaintiffs, an unused chicken house, a shelter for horses, and a barn. The owner kept three horses as a hobby and to show and to pull a wagon to make furniture deliveries as advertising for the store. The barn also housed furniture delivery trucks. North of the shopping center about one-third of the way along the west boundary of the tract was a small metal building, the use of which is not shown. On the tract was a 50,000-gallon water tower with well, well house, and water distribution system by means of which water was furnished to the buildings and businesses on the tract. The remainder of the 43 acres was unoccupied and pasture crop was raised thereon for the horses.

All the southern and eastern boundaries and the south approximately 1,400 feet of the western boundary were contiguous to existing city limits at the time of annexation. The tract was abutted on the south by a city street and on the west by a paved street or road for its full length. The area immediately south of the tract was commercially developed. The area immediately to the west was platted and developed residentially. On

the east side of the tract a strip 150 feet wide was occupied by a church and a National Guard armory. Further east were platted tracts used for ball diamonds, and still further east was a high school with accompanying facilities. Immediately to the north of the tract was a highway and beyond that a tract of land used for farming. Further to the northeast and north were platted residential areas partially developed but not included within the city limits. Also located to the north were medical offices and a site for a developing hospital. To the northwest and separated by undeveloped land were a hospital and an access street, both of which were included within the city limits.

City water mains were located adjacent to the tract. A city sewer crossed the tract from east to west about 730 feet from the southern boundary on an easement provided by the plaintiffs.

The record fully supports the implicit finding of the trial court that the tract in question was urban or suburban in character and not agricultural land rural in character. Plumfield Nurseries, Inc. v. Dodge County, 184 Neb. 346, 167 N. W. 2d 560; Voss v. City of Grand Island, 186 Neb. 232, 182 N. W. 2d 427; Sullivan v. City of Omaha, 183 Neb. 511, 162 N. W. 2d 227.

The plaintiffs contend the annexation ordinance was not validly enacted nor proved by competent evidence because the ordinance does not appear in toto in the minutes of the various meetings pertaining to its adoption.

The record shows that the annexation ordinance bears title as follows:

"An ordinance of the City of Scottsbluff, Nebraska finding that a certain tract of land situated in the Southeast Quarter (SE¼) of Section Fourteen (14), Township Twenty-two (22) North, Range Fifty-five (55) West of the Sixth Principal Meridian, in Scotts Bluff County, Nebraska, contiguous and adjacent to the corporate limits of the City, is urban or suburban in character and not

agricultural land which is rural in character; re-annexing to, and re-including within the corporate limits of, the City such tract of land; providing that the inhabitants shall be entitled to the rights and privileges, and be subject to the laws, ordinances, rules and regulations of the City, and receive substantially the benefits as other inhabitants thereof; repealing ordinance No. 1555 and all conflicting ordinances and parts of ordinances but saving existing rights, claims, causes of action and defenses of the City; separating and saving provisions not declared invalid; and providing for recording and publication of the ordinance, and for its effective date."

The record, as evidenced by minutes duly certified by the city clerk, shows that at a meeting of the city council of the City of Scottsbluff on June 26, 1967, an ordinance, the title of which was as above set forth, was introduced by a member of the council. The minutes of that meeting further state: ". . . and the ordinance was fully and distinctly read. Thereupon Councilman Wallace moved that the ordinance be designated as Ordinance No. 1650, that the title thereof be approved and that the ordinance be made a part of the records in the office of the City Clerk, which motion was seconded by Councilman Thomas." The minutes then show that the vote on the motion was called and recorded and the motion was, by the mayor, declared to have been carried. Certified copies of minutes of the council of a meeting held on June 28, 1967, show the following: "Ordinance No. 1650, which had been fully and distinctly read at the regular meeting of the City Council held on June 26, 1967, was fully and distinctly read a second time."

Minutes of the meeting of the city council on June 29, 1967, show the following: "Councilman Kramer moved that the statutory rule requiring ordinances to be fully and distinctly read on three different days be dispensed with, in the case of Ordinance No. 1650, which motion was seconded by Councilman McKibbon. The

Yeas and Nays were called, the vote was as follows: 'YEAS' Thomas, Kramer, McKibbon, Wallace. 'NAYS' None. Absent: Donahue. The motion to suspend the statutory rule having been concurred in by three-fourths of all members elected to the Council, was, by the Mayor, declared to have carried.

"Whereupon Ordinance No. 1650 was read by title a third time. Councilman Wallace moved that the ordinance be passed as read, which motion was seconded by Councilman Thomas. The Mayor stated: 'The question is, "Shall Ordinance No. 1650 be passed and adopted?" ' The Yeas and Nays were called, and the vote was as follows: 'YEAS' Thomas, Kramer, McKibbon, Wallace. 'NAYS' None. Absent: Donahue.

"The passage and adoption of the ordinance having been concurred in by a majority of all members elected to the Council, the ordinance was, by the Mayor, declared passed and adopted; and the Mayor, in the presence of the Council, signed the ordinance, and the Clerk attested its passage and affixed his signature and the seal of the City thereto."

The record shows that the ordinance signed by the mayor and certified by the city clerk is the original ordinance which was filed in the office of the city clerk following the meeting of June 26, 1967. In the office of the city clerk the original of the ordinance is maintained and fastened in a special file or binder which is kept for the purpose and from which it may be removed by releasing the fastener in some way. In a separate set of ordinance volumes is kept and maintained a true copy of each ordinance, accompanied by a certificate of passage and publication executed by the city clerk and the original of an affidavit of publication by the printer. This is true of annexation ordinance No. 1650, as the record shows.

The plaintiffs contend that any ordinance is not validly enacted unless it is set forth in the minutes in full when introduced and each time it is read, that this is a re-

quirement of the Nebraska statutes and cases, and that minutes of the council so kept are the only acceptable proof of the enactment of the ordinance.

Section 16-317, R. R. S. 1943, provides in part: "The city clerk shall have the custody of all laws and ordinances, *and* shall keep a correct journal of the proceedings of the council." Section 18-1701, R. R. S. 1943, pertains to the matter of destruction of public records and contains this proviso: ". . . the provisions of this section shall not apply to the minutes of the clerk *and* the permanent ordinance and resolution books. . . ." (Emphasis supplied.)

Section 19-1102, R. R. S. 1943, provides in part: "It shall be the duty of every village or city clerk in every village or city having a population of not more than forty thousand to prepare and publish the official proceedings of the village or city board, council or commission within thirty days from any meetings of said board, council . . . ." Section 16-405, R. R. S. 1943, provides for the publication of ordinances.

Section 16-403, R. R. S. 1943, provides for the proof of ordinances by the certificate under the seal of the city, for receipt in evidence of ordinances when published in book or pamphlet form purporting to be published by authority of the city; that passage, approval, and publication of an ordinance is proved by a certificate under the seal of the clerk; and that when ordinances are published in book or pamphlet form purportedly under the authority of the city council the same need not be otherwise published.

The opinion of this court is that the above statutes clearly contemplate the keeping of separate ordinance records apart from the minutes and do not require the embodiment of the whole of an ordinance in the council minutes. We hold the procedure followed by the City of Scottsbluff met the requirements of the statutes above referred to. This conclusion is supported by the following cases: Mayo v. Inhabitants of Town of West

Springfield, 260 Mass. 594, 157 N. E. 700; Pure Milk Producers & Distributors Assns. v. Morton, 276 Ky. 736, 125 S. W. 2d 216; Meacham Contracting Co. v. Kleiderer, 146 Ky. 441, 142 S. W. 720.

The following cases cited by the plaintiffs are not in point, to wit: Beverly Land Co v. City of South Sioux City, 117 Neb. 47, 219 N. W. 385 (involving failure to record the vote on the passage of an ordinance); Wightman v. City of Wayne, 144 Neb. 871, 15 N. W. 2d 78 (involving complete absence from the minutes of authorization of a contract); Barrett v. Hand, 158 Neb. 273, 63 N. W. 2d 185 (re modification of minutes by parol evidence); City of Valentine v. Valentine Motel, Inc., 176 Neb. 63, 125 N. W. 2d 98 (involving a nunc pro tunc attempt to supply by parol records of the passage of a resolution under section 17-407, R. R. S. 1943, and the calling and recording of the vote thereon).

The plaintiffs contend that section 16-117, R. R. S. 1943, which authorizes cities of the first class to annex contiguous territory, does not apply to cities such as Scottsbluff which have adopted the city manager plan. This contention is without merit.

Plaintiffs contend that the action of the council in the enactment of the ordinance was void because the city council was not properly elected and qualified; the city councilmen did not furnish proper bond; and that other city officials or employees, to wit, treasurer, clerk, and water commissioner were not validly holding the positions because not elected. We find these contentions to be without merit.

In June of 1965, the city council of the defendant City refused the request of the plaintiffs to zone the property as commercial. Plaintiffs contend that this estops the defendant City from annexing the tract. Plaintiffs cite no authority. We hold their contention in this respect is without merit.

Plaintiffs contend that annexation was improper and void because the benefits to be anticipated by annexa-

tion already existed and were available either by means furnished by plaintiffs themselves or by subdivisions of government other than the defendant City. This contention is without merit.

Plaintiffs contend that the city council of the defendant City had not taken action to implement the annexation by furnishing the benefits as required by law. The evidence does not sustain the contention. If it did the remedy of the plaintiffs would be other than by a declaration of the invalidity of the ordinance. See Plumfield Nurseries, Inc. v. Dodge County, *supra*, at p. 350.

The record discloses that the annexed tract was at the time of the adoption of the annexation ordinance within the boundaries of the Scottsbluff fire protection district and that section 31-766, R. R. S. 1943, had not been complied with. Plaintiffs contend that the annexation is not effective until this has been done. The language of section 31-766, R. R. S. 1943, clearly indicates that annexation is to be accomplished before compliance with section 31-766, R. R. S. 1943, is required. The validity of the council action in annexation in no way depends upon compliance with section 31-766, R. R. S. 1943. This court in effect so held in City of Bellevue v. Eastern Sarpy County S. F. P. Dist., 180 Neb. 340, 143 N. W. 2d 62.

The judgment of the trial court is affirmed.

AFFIRMED.